23254

Alden CHAVOUS, Jr., individually and as Guardian ad Litem for Alden Chavous, III, a Minor, Respondent v. Herman Wayne BROWN and Joanna Brown, Petitioners.

(396 S.E. (2d) 98)

Supreme Court

*Robert C. Brown,* and *J.R. Murphy,* both of *Brown & Woods,* Columbia, *for petitioners.*

*D. Lester Diggs,* Aiken, *for respondent.*

Heard June 4, 1990.

Decided Aug. 6, 1990

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at 299 S.C. 398, 385 S.E. (2d) 206 (Ct. App. 1989). The issue for our determination is whether *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986), applies in a civil action. We hold it does not and reverse.

In *Batson*, the United States Supreme Court held the Equal Protection Clause of the Fourteenth Amendment applies to prohibit a state prosecutor in a criminal case from exercising peremptory challenges in a racially discriminatory manner. Since the Equal Protection Clause may be invoked only to prohibit discriminatory action by the State,[1] the dispositive question is whether the exercise of peremptory strikes by a private attorney in a civil case qualifies as state action.[2]

Relying on *Fludd v. Dykes*, 863 F. (2d) 822 (11th Cir. 1989), and *Edmonson v. Leesville Concrete Co.*, 860 F. (2d) 1308 (5th Cir. 1988), the Court of Appeals concluded the trial judge's involvement in the jury selection process provides the necessary state action to extend *Batson* to civil cases. Subsequent to the Court of Appeals' decision, however, the United States Fifth Circuit Court of Appeals reconsidered the *Edmonson* decision en banc and held the trial judge's function does not supply the required state action. *Edmondson v. Leesville Concrete Co.*, 895 F. (2d) 218 (5th Cir. 1990). We agree with this conclusion.

Under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. (2d) 482 (1982), we employ a two-part analysis to determine whether the alleged discriminatory conduct is fairly attributable to the State for equal protection purposes. First, the discrimination must be caused by the exercise of some right or privilege created by

---

[1] "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 842, 92 L. Ed. 1161, 1180 (1948).

[2] We do not address the situation presented where the State is a party to civil litigation.

the State. 457 U.S. at 937, 102 S. Ct. at 2753, 73 L. Ed. (2d) at 495. Second, the party charged with the discrimination must be a person who may fairly be considered a state actor either because he is a state official, or he acted together with or obtained significant aid from state officials, or his conduct is otherwise chargeable to the State. 457 U.S. at 937, 102 S. Ct. at 2754, 73 L. Ed. (2d) at 495.

Applying this analysis to the case at hand, it is clear the first prong is met: the alleged discrimination flows from the exercise of a statutory right to peremptory challenges. S.C. Code Ann. § 14-7-1050 (Supp. 1989). It is the second prong of the analysis that is not satisfied under the circumstances presented here.

Since the statute is racially neutral on its face, we must otherwise discover the State's imprimatur on the discriminatory use of peremptory challenges. The trial judge is the state official involved in counsel's exercise of peremptory strikes. Yet, the trial judge performs merely a ministerial function in excusing jurors against whom counsel exercises these strikes. There is no judicial discretion involved. Ordinarily, the State will be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement that the choice must be deemed that of the State. *Blume v. Yaretsky*, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L. Ed. (2d) 534, 546 (1982). Here, the trial judge holds no coercive power regarding private counsel's choice of jurors to be struck.

*Shelley v. Kraemer*,[3] upon which respondents rely for support, does not mandate a contrary conclusion in this case. The Shelleys were African American landowners who purchased a parcel of land that, unbeknownst to them, was subject to a restrictive covenant that prohibited "any person not of the Caucasian race" from occupying it for a period of fifty years. The owners of the other parcels subject to the covenant commenced an action to restrain the Shelleys from taking possession of the property and to divest them of title.

The United States Supreme Court found state action in the judicial enforcement of the restrictive covenant. Noting that

---

[3] *Supra* note 1.

the former owners of the property willingly sold it to the Shelleys, the Court observed:

> It is clear that but for the active intervention of the state courts, supported by the full panoply of state power, [the Shelleys] would have been free to occupy the property in question without restraint.

334 U.S. at 19, 68 S. Ct. at 845, 92 L. Ed. at 1183. The Court further noted that the State had made available to the plaintiff landowners "the full coercive power of government" to deprive the Shelleys of vested property rights because of their race. 334 U.S. at 19, 68 S. Ct. at 845, 92 L. Ed. at 1183. This is not such a case. There is no active intervention of the court's discretionary power in the seating of otherwise qualified jurors. Unlike a challenge for cause, in administering a peremptory strike, there is no court approval of the basis of the strike needed to obtain the juror's excusal. Our conclusion regarding state action would be decidedly different if the trial court excused a juror *for cause* solely because of his or her race.

Nor is the trial court's involvement "so pervasive and substantial" that it renders counsel's exercise of peremptory strikes state action. *See Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 487, 108 S. Ct. 1340, 1346, 99 L. Ed. (2d) 565, 577 (1988). In *Tulsa Professional Collection Services*, the United States Supreme Court held the probate court's "intimate involvement" in activating a time bar to a creditor's claim constituted state action for purposes of the Fourteenth Amendment. The Court noted a distinction between the Oklahoma nonclaim statute at issue and a typical "self-executing" statute of limitation which does not invoke state action. 485 U.S. at 485-86, 108 S. Ct. at 1345, 99 L. Ed. (2d) at 575-76. The right to bar a claim under the Oklahoma statute did not spring into effect until an individual pursued certain probate court proceedings for that purpose, whereas the right to bar a claim under a general statute of limitation exists under the statute itself and is merely administered through the court.

Here, while the context is that of a judicial proceeding, the right to exercise peremptory strikes exists without the necessity of first pursuing a particular judicial remedy in order to

secure it. Because the trial judge's function is merely to administer the exercise of a statutory right, we find no state action for purposes of the Fourteenth Amendment.

Finally, private counsel's action pursuant to a statute, without "something more," is not sufficient to characterize him as a state actor. *See Lugar*, 457 U.S. at 939, 102 S. Ct. at 2754-55, 73 L. Ed. (2d) at 496-97. We find nothing that converts private counsel into a state actor in these circumstances. Cf: *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. (2d) 509 (1981) (a lawyer is not, by virtue of being an officer of the court, a state actor for purposes of § 1983 claims. Because there is no discriminatory action chargeable to the State, we hold *Batson* does not apply in civil actions.

Reversed.

HARWELL, CHANDLER and TOAL, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. In my opinion, the reasoning and conclusions of the South Carolina Court of Appeals are based upon sound legal precedent, and I would affirm its holding.

The majority asserts that the dispositive question is whether the exercise of peremptory strikes by a private attorney in a civil case qualifies as state action. In my view, the dispositive question is whether a state court's approval of facially racially motivated peremptory strikes by a private attorney in a civil action constitutes state action.

"That the action of state courts and of judicial officers in their official capacities is to be regarded as action of the State within the meaning of the Fourteenth Amendment, is a proposition which has long been established by decisions of this Court." *Shelley v. Kraemer*, 334 U.S. 1, 14, 68 S. Ct. 836, 843, 92 L. Ed. 1161 (1948). I find the trial judge's involvement in the jury selection process sufficiently substantial to be considered "state action."[1] "Racial injustice has no more place in

---

[1] The United States Eleventh Circuit Court of Appeals held that *Batson* applies in civil actions. *Fludd v. Dykes*, 863 F. (2d) 822 (11th Cir. 1989), *reh'g. denied*, 873 F. (2d) 300 (11th Cir. 1989). The United States Supreme Court denied certiorari. *Tiller v. Fludd*, — U.S. —, 110 S. Ct. 201, 107 L. Ed. (2d) 154 (1989).

the courtroom on the days the court is conducting civil trials than it does on the days it conducts criminal trials." *Chavous v. Brown,* 299 S.C. 398, 402, 385 S.E. (2d) 206, 209 (Ct. App. 1989).