23254

Alden CHAVOUS, Jr., Individually and as Guardian Ad Litem for Alden Chavous, III, a minor, Respondent v. Herman Wayne BROWN and Joanne Brown, Petitioners.

(409 S.E. (2d) 356)

Supreme Court

*Robert C. Brown*, and *J.R. Murphy*, both of *Brown & Woods*, Columbia, *for petitioners*.

*D. Lester Diggs*, Aiken, *for respondent*.

Heard June 4, 1990.

Decided Aug. 12, 1991.

*Per Curiam:*

This case was originally before us on a writ of certiorari to review the Court of Appeals' decision reported at 299 S.C. 398, 385 S.E. (2d) 206 (Ct. App. 1989). We reversed the Court of Appeals' holding that *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986), applies in a civil action 396 S.E. (2d) 98. Op. No. 23254 (S.C. S. Ct. filed Aug. 6, 1990). The United States Supreme Court subsequently issued its opinion in *Edmonson v. Leesville Concrete Co.,* 500 U.S. —, 111 S. Ct. 2077, 114 L. Ed. (2d) 660 (1991). On writ of certiorari — U.S. —, 111 S. Ct. 2791, 115 L. Ed. (2d) 966, it remanded this case for reconsideration in light of its holding in *Edmonson* that the exercise of race-motivated peremptory strikes by a private civil litigant violates *Batson*.

Acceding to the high court's decision in *Edmonson*, we now consider the only issue remaining in this case: whether the Court of Appeals' holding that the race-neutral explanations for strikes exercised by petitioners against two female black jurors violated *Batson* because they were merely pretextual. *See State v. Oglesby*, 298 S.C. 279, 379 S.E. (2d) 891 (1989). We concur in the Court of Appeals' holding on this issue. Accordingly, the Court of Appeals' decision is now

Affirmed.