2158

Virginia FOSTER, as the duly appointed Personal Representative of the Estate of Wardie Ruth Riser, Appellant v. SPARTANBURG HOSPITAL SYSTEM, Respondent.

(442 S.E. (2d) 624)

Court of Appeals

*Don R. Moorhead,* of *Christian, Moorhead & Davis,* Greenville, *for appellant.*

*William U. Gunn,* of *Holcombe, Bomar, Cothran & Gunn,* Spartanburg, *for respondent.*

Heard Feb. 9, 1994.

Decided Mar. 21, 1994. Reh. Den. Apr. 29, 1994.

SHAW, Judge:

Appellant, Virginia Foster, instituted this wrongful death action as the personal representative of the estate of Wardie Ruth Riser against respondent, Spartanburg Hospital System. The jury returned a verdict in favor of the Hospital and the trial judge denied Foster's motion for a new trial. Foster appeals. We reverse and remand.

The record reveals as follows. Ms. Riser was admitted to the post-coronary care unit of the Hospital on May 12, 1989. Approximately 5½ hours after her arrival, Riser died from a heart attack. Foster, Riser's daughter, brought this action against the Hospital alleging medical negligence for allowing Riser to be detached from the cardiac monitor and to be unattended by the nursing staff. Foster appeals the denial of her new trial motion arguing her constitutional rights were violated by the Hospital's exercise of peremptory strikes to exclude black jurors. We agree.

## DISCUSSION

I. *Unconstitutional use of peremptory challenges*

The Fourteenth Amendment to the United States Constitution prohibits the exercise of peremptory challenges on racial grounds. *Batson v. Kentucky,* 476 U.S.

79, 106 S.Ct. 1712, 90 L.Ed (2d) 69 (1986). The United States Supreme Court and the Supreme Court of this State have applied this principle to civil cases. *Edmonson v. Leesville Concrete Company, Inc.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed. (2d) 660 (1991); *Chavous v. Brown*, 299 S.C. 398, 385 S.E. (2d) 206 (Ct. App. 1989), *rev'd* 302 S.C. 308, 396 S.E. (2d) 98, *vacated* — U.S. —, 111 S.Ct. 2791, 115 L.Ed. (2d) 966, *aff'd on remand* 305 S.C. 387, 409 S.E. (2d) 356 (1991).

In order to rebut a *prima facie* case of the unconstitutional use of peremptory challenges to exclude members of a cognizable racial group, the explanation offered must be race neutral and not just a pretext for excluding members of a cognizable racial group from the jury. *State v. Tomlin*, 299 S.C. 294, 296, 384 S.E. (2d) 707, 709 (1989).

On appeal, Foster contends the Hospital has not met its burden of establishing race neutral reasons for the exclusions. We agree. Of a jury panel of twenty (20) potential jurors, where three were black males and two black females, the Hospital used its four strikes to strike four of the five black jurors from the jury panel. A cursory review of the Hospital's use of its strikes establishes a *prima facie* case that the Hospital has exercised its peremptory challenges to remove persons from the jury panel who are members of the same cognizable racial group as Foster. The burden then shifts to the Hospital to present racially neutral explanations for the strikes. *Edmonson* and *Chavous, supra.* Thus, the focus turns to the Hospital's explanation for the strikes.

Counsel for the Hospital explains the decision to strike Jerry Nash, a 35-year-old black male, was based on answers in his juror questionnaire that he was a member of the Democratic Party, as well as his affirmative statement that he was a "loyal American citizen, [who has] never been in any trouble with the law." Counsel for the Hospital asserts that a Democrat is more inclined than a Republican or some other party affiliate to favor "the little person." Such a sweeping generalization about members of an entire political party is not a reasonable, race neutral explanation, but is mere speculation. *See State v. Grandy*, 306 S.C. 224, 411 S.E. (2d) 207 (1991) (explanation must rest on a reasonable basis and not the solicitor's bare assertion or mere speculation).

Additionally, the Hospital defends the decision to strike Nash based on his declaration that he was a loyal American citizen who has never been in trouble with the law. The Hospital asserts a person who would make such a declaration "would be more inclined to stick up for the little person." Again, this explanation appears to be mere speculation. Further, regardless of the reasonableness of this explanation, it is clear this reason was not applied in a neutral manner. *See State v. Oglesby*, 298 S.C. 279, 379 S.E. (2d) 891 (1989) (originally neutral reason may be proven to be pretextual because not applied in a neutral manner). The Hospital did not strike a white juror, Juanita Perry, who responded to the identical question by stating, "I am a law abiding citizen." We find no real distinction between the statement by Nash and the statement by Perry. The hospital negated its reason when he seated a white female juror who made a similar statement.

Counsel lastly states the reason for excluding Nash related to his family's history of heart trouble, allergies and high blood pressure. However, several jurors were seated who indicated they or their family members suffered from similar illnesses. Therefore, these explanations likewise form no reasonable basis for the exclusion and are merely a pretext for excluding jurors based on race.

Counsel for the Hospital also struck Cammille Stephens, a 30-year-old black female, because her mother suffered from high blood pressure. Counsel defends that none of the other female jurors close to Stephens' age had *mothers* who suffered with high blood pressure. Nevertheless, the Hospital seated at least one female juror whose family member suffered from a heart condition. Also seated were several male jurors whose mothers, fathers or themselves had high blood pressure. Additionally, counsel defends that Stephens was stricken from the jury because she failed to respond to question number 29 on the questionnaire regarding her ability to fairly decide a lawsuit involving a hospital and an individual. However, counsel seated two white jurors, Tammy Turnage and Larry Bruce, who failed to complete the questionnaire. Further, all of the jurors were asked if they knew any reason they could not give a fair trial to both parties and juror Stephens gave no affirmative response. Lastly, counsel asserts that Stephens was excluded because she is a

female whose mother had high blood pressure. Nevertheless, counsel seated three women on the jury, one of whose father suffered from a heart condition.

For the foregoing reasons, we find the Hospital has not met its burden of proving it exercised peremptory challenges in a racially neutral manner and the trial court erred in not granting a new trial. Because we find the appellant is entitled to a new trial based on violation of her Fourteenth Amendment rights, we do not address the other grounds raised alleging entitlement to a new trial.

Reversed and remanded.

HOWELL, C.J., and CURETON, J., concur.