23012

The STATE, Respondent v. Jerry Lewis OGLESBY, Appellant.

(379 S. E. (2d) 891)

Supreme Court

*Robert M. Holland* and *Albert V. Smith,* Spartanburg, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen Harold M. Coombs, Jr.* and *Norman Mark Rapoport,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard March 21, 1989.

Decided May 15, 1989.

HARWELL, Justice:

Appellant Jerry Lewis Oglesby was convicted of first degree criminal sexual conduct, first degree burglary, kidnapping and armed robbery. He was sentenced to life imprisonment for burglary, a concurrent term of thirty years for first degree criminal sexual conduct, an concurrent term of life imprisonment for kidnapping and a consecutive term of twenty-five years for armed robbery.

Oglesby, who is black, was tried by an all-white jury after the solicitor used his peremptory challenges to strike the four prospective black jurors who were presented. On appeal, Oglesby argues that the State exercised its strikes in a racially discriminatory manner in contravention of *Batson*

*v. Kentucky,* 476 U. S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). According to *Batson,* a defendant must show the following in order to establish a *prima facie* case of discrimination: 1) that he is a member of a cognizable racial group; 2) that the State has exercised peremptory challenges to remove members of his race from the jury; and 3) that these facts and other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude venirepersons from the petit jury on account of their race. If the defendant makes this *prima facie* showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors in the particular case being tried.[1] 476 U. S. at 96-7, 106 S. Ct. at 1723, 90 L. Ed. (2d) at 87-88 (1986).

We have previously recognized that the defendant is entitled to rely on the fact that peremptory challenges permit "those to discriminate who are of a mind to discriminate." *State v. Jones,* 293 S. C. 54, 358 S. E. (2d) 701 (1987). "In deciding if the defendant has carried his burden of persuasion, a court must undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Batson,* 476 U. S. at 93, 106 S. Ct. at 1721, 90 L. Ed. (2d) at 85 (1986). A solicitor's strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes. *Gamble v. State,* 257 Ga. 325, 357 S. E. (2d) 792, 795 (1987).

Here, appellant established a *prima facie* showing of discrimination. The State then presented its reasons for its strikes. The State struck one black make juror because he had a former DUI conviction. The State struck three black females because they were patients of a doctor who was a defense witness. The solicitor stated the following with regard to the females he struck:

---

[1] This case was heard before this Court's decision in *State v. Jones,* 293 S. C. 54, 358 S. E. (2d) 701 (1987) setting forth the proper procedure to be followed in holding a *Batson* hearing; however, the inquiry conducted here by the judge is sufficient to provide an adequate record for our review.

[a]ll knew or had been patients of ... [the doctor]. ... This is a very important witness. We feel that any doctor patient relationship to this witness would affect the case. He will be coming as a doctor, and we feel that we are better served to not have anyone on the jury that knows any of the witnesses, especially one that's so important.

The reason given for striking the black male was sufficiently neutral to withstand the *Batson* inquiry. The reason given for striking the black females was also neutral. The solicitor negated his reasons, however, when he seated a white female juror who was also a patient of the doctor.

In this case, an examination of the circumstances shows that the solicitor's originally neutral reason was proven to be a pretext because it was not applied in a neutral manner. *See Garrett v. Morris*, 815 F. (2d) 509 (8th Cir. 1987) *cert. denied,* _____ U. S. _____ , 108 S. Ct. 233, 98 L. Ed. (2d) 191 (1987) (prosecutor's asserted reason for excluding black prospective jurors was a pretext for racial discrimination in light of prosecutor's decision not to strike white jurors who differed in no significant way from black jurors who were excused). The solicitor was adamant in his articulation of his reason for striking the black females, yet he did not strike a white female with the same characteristic. If the State were allowed to prevail despite the application of such blatantly inconsistent standards, *Batson* would be left without substance. Accordingly, appellant's conviction is reversed and this case is remanded for a new trial.

Appellant raises two additional grounds on appeal. Because we have reversed on the issue above, it is not necessary to reach those issues. Accordingly we make no comment as to those remaining issues.

Reversed and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.