23326

The STATE, Respondent v. Harvey Lee GRANDY, Appellant.

(411 S.E. (2d) 207)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, of South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Larry F. Grant,* of York, *for respondent.*

Heard Sept. 24, 1990; Decided Feb. 4, 1991.

Reh. Den. Dec. 16, 1991.

FINNEY, Justice:

Appellant Harvey Lee Grandy was tried on December 12, 1988, and convicted of trafficking in cocaine. He was sentenced to twenty-five (25) years imprisonment and fined Two Hundred Thousand ($200,000) Dollars. We reverse and remand.

Appellant was arrested on July 10, 1988, and on July 27, 1988, the York County public defender was appointed to represent him. On October 24, 1988, appellant was indicted for trafficking in cocaine by possessing more than 400 grams of cocaine. Sometime between July and November, 1988, appellant allegedly secured private counsel, and the public defender was relieved.

At a pre-trial hearing on December 8, 1988, the trial court was apprised that a question existed as to the status of appellant's legal representation. The trial court reappointed the public defender pursuant to its finding that appellant had failed to secure private counsel after having ample time to do so.

On appeal, appellant alleges the trial court erred in failing to show him a reasonable amount of time to complete financial negotiations with private counsel, in-

stead appointing the public defender to represent appellant against his wishes. We disagree.

It is undisputed that appellant had from July to December to secure private counsel. We find that, under the circumstances, five months is a reasonable time in which to retain counsel. Moreover, appellant was not denied the assistance of counsel. The public defender was re-appointed after advising the trial court that she had conducted an investigation, handled the preliminary hearing and could represent the appellant if he would assist her. We conclude that appellant's exception is without merit.

Appellant asserts further that the trial court erred in refusing to charge lesser-included offenses, specifically possession with intent to distribute. We disagree.

Trafficking in cocaine is defined as the possession of ten grams or more of cocaine. S.C. Code Ann. § 44-53-370(e)(2) (Supp. 1989). Possession with intent to distribute is defined as the possession of a controlled substance with intent to distribute it. S.C. Code Ann. § 44-53-370(a), (c), (d)(3) (1985). Following our recent case of *Matthews v. State*, 300 S.C. 238, 387 S.E. (2d) 258 (1990), possession with intent is a lesser included offense of trafficking in cocaine. In *Matthews*, we held that "when there is conflicting evidence as to whether the amount of marijuana involved is sufficient to invoke the trafficking statute, both charges should be submitted to the jury. Where, however, the undisputed evidence is that the amount involved exceeds the minimum trafficking amount, then only the trafficking charge should be submitted to the jury." *Matthews*, 300 S.C. at 241, 387 S.E. (2d) at 260.

We find no conflict with the evidence that the amount of cocaine in appellant's possession exceeded the quantity required to invoke the trafficking statute. Therefore, this Court holds that the trial court did not err by declining to charge the lesser included offense.

Finally, we address appellant's contention that the trial court erred when it held that the solicitor's explanation for striking venireperson Blake, who is black, was racially neutral and not a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986).

The solicitor used a peremptory strike to exclude a black person from appellant's jury, thereby obtaining an all-white jury. Appellant's counsel moved that the solicitor be required to state a racially neutral explanation for his strike, alleging an all-white jury as forming the basis for a prima facie case. The record reveals that the solicitor's "neutral" reason for striking the prospective black juror was his desire to seat other venirepersons who had not yet been presented.

A defendant establishes a prima facie case of racial discrimination by showing that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to exclude members of the defendant's race from the jury. Upon a prima facie showing, the burden shifts to the prosecution to present a racially neutral explanation for its jury challenges. *Batson v. Kentucky, supra.* Any such explanation must rest on a reasonable basis and not on the solicitor's bare assertion or mere speculation. This Court has stated that a prima facie case of discrimination can be rebutted only upon a showing that the state's explanation is neutral, related to the case to be tried, clear, reasonably specific and legitimate. *State v. Tomlin*, 299 S.C. 294, 384 S.E. (2d) 707 (1989).

The United States Supreme Court stated in *Batson* that "the prosecutor [could not] rebut the defendant's case merely by denying that he had a discriminatory motive or affirming his good faith in making individual selections. If these general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause would be but a vain and illusory requirement." *Batson*, 476 U.S. at 98, 106 S. Ct. at 1724.

In this case, the appellant satisfied his burden of proving a prima facie case by showing that he was black and that the solicitor used a peremptory challenge to obtain an all-white jury. We conclude that the solicitor failed to articulate a racially neutral explanation in his assertion that he excluded the prospective black juror because he wanted to seat other venirepersons. Additionally, the solicitor did not give any reason why it was desirable to have other venirepersons seated, as opposed to the black juror. The effect was the same as if no

reason was given for striking the black juror. His explanation was neither clear, reasonably specific nor legitimate. As this Court recently opined in *State v. Oglesby*, 298 S.C. 279, 281, 379 S.E. (2d) 891, 892 (1989) "if the state is allowed to prevail ... *Batson* would be left without substance."

For the foregoing reasons, we reverse the trial court's ruling on the *Batson* issue and remand this case to the circuit court.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.