23492

The STATE, Respondent v. Sam GREEN, Appellant.

(409 S.E. (2d) 785)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. E. Jean Howard,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard May 6, 1991; Decided Oct. 7, 1991.

Rehearing Denied Oct. 31, 1991.

GREGORY, Chief Justice:

Appellant was convicted of possession of crack cocaine with intent to distribute. He was sentenced to fifteen years imprisonment and fined twenty-five thousand dollars. The only issue before us is whether the Solicitor's use of peremptory challenges violated *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). The trial judge found no violation. We affirm.

Appellant is a black male. On appeal, he contests the validity of the Solicitor's race-neutral explanation that he struck two potential black jurors on the ground they were unemployed. Appellant argues this reason is insufficient under *Batson* and this Court's decision in *State v. Tomlin,* 299 S.C. 294, 384 S.E. (2d) 707 (1989), because it is not a reason "related to the case to be tried."

The United States Supreme Court recently issued its decision in *Hernandez v. New York,* 500 U.S. —, 111 S. Ct. 1859, 114 L. Ed. (2d) 395 (1991), which clarifies the application of *Batson* in evaluating the Solicitor's explanation for strikes challenged as racially motivated. Although *Hernandez* does not address the precise issue before us, we find guidance in the general precepts announced therein.

As discussed in *Hernandez, Batson* sets forth a three-step process for evaluating claims that a Solicitor used peremptory challenges in a manner violating the Equal Protection Clause. First, the defendant must make a prima facie showing that the Solicitor exercised such challenges on the basis of race. Second, if the requisite showing is made, the burden shifts to the Solicitor to articulate a race-neutral explanation for the strikes in question. Third, the trial court must determine whether the defendant has met his burden of proving purposeful discrimination. 500 U.S. at —, 111 S. Ct. at 1865, 114 L. Ed. (2d) at 405.

Focusing on the second step of the inquiry, the issue is the facial validity of the Solicitor's explanation. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." 500 U.S. at —, 111 S. Ct. at 1866, 114 L. Ed. (2d) at 406. Further,

disparate impact should be given appropriate weight in determining whether the prosecutor acted with a forbidden intent, but it will not be conclusive in the preliminary

race-neutrality step of the *Batson* inquiry. . . . Equal protection analysis turns on the intended consequences of government classifications. Unless the government actor adopted a criterion with the intent of causing the impact asserted, that impact itself does not violate the principle of race-neutrality.

500 U.S. at —, 111 S. Ct. at 1867, 114 L. Ed. (2d) at 407.

At the third step of the inquiry, assuming the Solicitor's explanation is facially valid, the trial judge must determine if the defendant has established purposeful discrimination. 500 U.S. at —, 111 S. Ct. at 1868, 114 L. Ed. (2d) at 408. An invidious discriminatory purpose may be inferred from the totality of the relevant facts. *Id.*[1] The trial court's finding at this stage, however, will largely turn on an evaluation of credibility.

> In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence will often be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies "peculiarly within a trial judge's province." (Citations omitted.)

500 U.S. at —, 111 S. Ct. at 1869, 114 L. Ed. (2d) at 409.

Applying these principles to the issue at hand, we conclude the fact that the Solicitor's explanation is not related to the case to be tried does not render it insufficient as a matter of law at stage two of the *Batson* inquiry. Under *Hernandez*, unless a discriminatory intent is inherent in the reason proffered, it will be deemed race-neutral. We find no inherent discriminatory intent in the Solicitor's explanation he struck the jurors in question because they were unemployed.

Further, at stage three of the inquiry, unless the trial judge determines the Solicitor's reason should not be believed based on demeanor or credibility, the defen-

---

[1] For instance, the defendant may show the Solicitor's facially neutral reason was pretextual because it was not applied evenhandedly. *See State v. Oglesby*, 298 S.C. 279, 379 S.E. (2d) 891 (1989).

dant must show a discriminatory purpose from the totality of the relevant facts. We conclude the fact the Solicitor's explanation may be unrelated to the case to be tried does not in itself carry the defendant's burden of showing a discriminatory purpose. An explanation unrelated to the facts of the case may still reflect the Solicitor's valid concern with a juror's sense of social duty or the life experience he or she brings to the case rather than indicate a racially motivated purpose for exercise of the strike. Where, as here, the trial judge finds such a reason credible and the defendant fails to show a discriminatory purpose from the totality of the circumstances, the Solicitor's strike will be valid at stage three of the *Batson* inquiry.

Because the trial judge's findings regarding purposeful discrimination rest largely upon his evaluation of credibility, we will give those findings great deference. 500 U.S. at —, 111 S. Ct. at 1869, 114 L. Ed. (2d) at 409. Accordingly, we affirm the trial judge's finding the Solicitor's strikes against the two jurors in question were valid under *Batson*.

Affirmed.

HARWELL and CHANDLER, JJ., concur.

TOAL and FINNEY, JJ., dissenting in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent. I would reverse the Appellant's conviction on the grounds that the solicitor's reasons for striking the black jurors did not comply with the requirements of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986) and South Carolina precedent established under *Batson*.

The majority interprets *Hernandez v. New York*, 500 U.S. —, 111 S. Ct. 1859, 114 L. Ed. (2d) 395 (1991), to overrule *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986), to the extent *Batson* required the prosecutor's race-neutral explanation to be related to the case. *Id.* at 99, 106 S. Ct. at 1724. I disagree with this interpretation of *Hernandez* and would further hold that abolishing this requirement is inconsistent with South Carolina precedent and unwise.

In *Hernandez*, the state's main witnesses were to testify in Spanish with an interpreter translating for the jury. The prosecutor exercised his peremptory strikes against four bilingual

prospective jurors. 111 S. Ct. at 1864-5. The prosecutor's explanation was that when the bilingual jurors were asked if they would be able to rely on the interpreter's translation of the testimony they heard, they looked away from the prosecutor and hesitated before answering affirmatively. *Id.*

In *Hernandez,* the Court held to rebut the defendant's *prima facie* showing, an explanation may still be racially neutral even though it has a disparate racial impact. *Id.* A disproportionate impact is not enough, the intent to discriminate is required. *Id.* In this context, the Court said unless the discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed racially neutral. *Id.* at 1866.

The majority would hold that, by this language, the *Hernandez* Court has overturned the feature of *Batson* which required the racially neutral explanation be related to the particular case. 476 U.S. at 99, 106 S. Ct. at 1724. I disagree. In *Hernandez* the explanation given was clearly related to the case. It was also clear, reasonably specific and legitimate. These requirements set out in *Batson* were not in issue in *Hernandez* and therefore, naturally not addressed. The majority does not suggest there the explanation need not be clear, specific or legitimate either. To interpret *Hernandez* to overrule *Batson* on issues not presented reads too much into the opinion.

Furthermore, even if *Hernandez* is read to no longer require the explanation to be related to the case, it does not necessarily follow that this Court should eliminate the requirement from South Carolina law. *Ross v. Oklahoma,* 487 U.S. 81, 108 S. Ct. 2273, 101 L. Ed. (2d) 80 (1988); *State v. Jones,* 293 S.C. 54, 358 S.E. (2d) 701 (1987).

Since *Batson,* the South Carolina courts have consistently reiterated the requirement that the prosecutor must give a racially neutral explanation that is related to the case to be tried. *State v. Grandy,* — S.C. —, — S.E. (2d) — Op. No. 23326 (S.C. Sup. Ct. filed Feb. 4, 1991) (Davis Adv. Sh. No. 3 at 16); *State v. Tomlin,* 299 S.C. 294, 384 S.E. (2d) 707 (1989); *State v. Howard,* 295 S.C. 462, 369 S.E. (2d) 132 (1988), *cert. denied,* 490 U.S. 1113, 109 S. Ct. 3174, 104 L. Ed. (2d) 1036 (1989); *State v. Lewis,* 293 S.C. 107, 359 S.E. (2d) 66 (1987). To abandon this requirement would seriously jeopardize the application of the principles of *Batson.*

If the explanation given is not related to the case, it is not an explanation, but merely a characteristic of the juror who has been struck. The prosecutor could easily devise one or more characteristics which would fit all the minority jurors struck but none of the white. The trial court would then have to rely solely on the attorney's demeanor to determine the credibility of the explanation given. Although the attorney's demeanor should be considered, the relationship of the explanation to the case is also an important factor in assessing the legitimacy of the explanation. *State v. Tomlin*, 299 S.C. 294, 384 S.E. (2d) 707 (1989). I believe it would be unwise and unnecessary to curtail the trial court's inquiry and this Court's review in this manner.

In the instant case, the prosecutor struck four black prospective jurors. For two of the strikes, the only explanation given was that prospective jurors were unemployed, one due to his advanced age. While this Court has upheld unemployment as a racially neutral explanation, the issue of whether the unemployment of the juror was related to the case has not been presented to this Court. *See, State v. Martinez*, 294 S.C. 72, 362 S.E. (2d) 641 (1987); *see also, State v. Tomlin*, 299 S.C. 294, 384 S.E. (2d) 707 (1989).

It is apparent from the record, the trial judge believed that since unemployment has been upheld as a racially neutral explanation in previous cases it was automatically racially neutral in this case. The trial judge failed to examine the explanation any further. Without further inquiry, it is impossible to determine whether this explanation is merely a pretext for the discriminatory exercise of the prosecutor's peremptory challenges.

I would hold that by failing to articulate a racially neutral explanation that is related to the case, the prosecutor has not met his burden to rebut this showing as required under *Batson* and subsequent decisions in this court.

FINNEY, J., concurs.