23769

The STATE, Respondent v. James MARBLE, Appellant.

(426 S.E. (2d) 744)

Supreme Court

*Assistant Appellate Defender Joseph L. Savitz, III*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Alexandria B. Skinner*, Columbia, and *Sol. Wade S. Kolb, Jr.*, Sumter, *for respondent.*

Heard Oct. 27, 1992.

Decided Dec. 21, 1992.

FINNEY, Justice:

Appellant James Marble appeals conviction and sentence for first-degree burglary, assault and battery with intent to kill, and possession of a knife during commission of a violent crime, asserting that the trial judge erred in ruling that the Solicitor did not violate *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986) in exercising jury strikes. We agree.

At the inception of appellant's jury trial, the assistant Solicitor exercised peremptory challenges to strike two black males from the jury. Appellant, who is also black, objected to the strikes, prompting the trial judge to conduct a *Batson* hearing. During the hearing, the Solicitor stated that she struck one of the jurors because he had a criminal record, and the other because the investigator assisting in the case said "do not take him," and the victim agreed.

We reverse appellant's conviction on the basis of our recent decision in *State v. Adams*, — S.C. —, 415 S.E. (2d) 402 (1992), wherein we stated that the State may not meet its burden under *Batson* by merely asserting that a third person made the decision to strike and communicated this to the Solicitor. *Adams* says that the clear and reasonably specific explanation offered by the third person must be provided. *Id.* 415 S.E. (2d) at 403. Without this requirement, there would be no assurance that the third person did not make the decision based on the juror's race. *Id.*

We reverse the trial court's ruling on the *Batson* issue and remand for a new trial.

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.