23982

Keith R. SUMPTER, Petitioner v. STATE of South Carolina, Respondent.
(439 S.E. (2d) 842)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce,* of S.C. Office of Appellate Defense, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* and *Staff Atty. Carl W. Stent, for respondent.*

Heard Oct. 7, 1993.

Decided Jan. 10, 1994.

MOORE, Justice:

We granted petitioner a writ of certiorari to review his direct appeal issue pursuant to *Davis v. State,* 288 S.C. 290, 342 S. E. (2d) 60 (1986). Petitioner appeals the trial court's determination that the solicitor did not violate *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). We affirm.

## FACTS

Petitioner was convicted of possession with intent to distribute (PWID) heroin and PWID cocaine. He was sentenced to two twelve-year sentences to run concurrently. Petitioner's direct appeal was abandoned and he sought postconviction relief (PCR). The PCR judge found petitioner did not knowingly, intelligently, and voluntarily abandon his direct appeal and therefore was entitled to a belated review under *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974). We affirm the PCR judge's order and review petitioner's direct appeal issues.

## ISSUE

Did the trial judge err in holding the solicitor did not violate *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986)?

## DISCUSSION

Petitioner contends the state exercised its peremptory strikes in violation of *Batson*. Petitioner is a black male and the solicitor exercised two strikes, both against black jurors.

The solicitor explained his reason for striking Juror #90, Mr. Wright:

> I had him earlier this week on a jury we picked and I struck him at that time. He's quite young and I felt that having struck him last time, in addition to his age, that I should strike him again.

Petitioner objected on the ground that the solicitor did not apply this reason in a race neutral manner because two young white jurors age 27 and 31 years old were seated. Petitioner has the burden to prove the solicitor's allegedly neutral reasons are pretextual because not applied equally to white jurors. *State v. Johnson*, 302 S.C. 243, 395 S.E. (2d) 167 (1990). The record does not indicate Mr. Wright's age. Therefore, we find no error based on the record before us.

Furthermore, we find the solicitor's additional explanation that he struck Mr. Wright because he had struck him earlier in the week is also race neutral. *See Feddiman v. State*, 558 A. (2d) 278 (Del. 1989) (solicitor's explanation was race-neutral where she struck a male juror and later struck a female juror with the same last name who lived at the same address because she was concerned that there would be some feeling against the State for striking the male juror).

The solicitor explained his reason for striking Juror #82, Mr. Washington:

> Mr. Washington has a prior DUI involvement. I did put another person with a DUI on the jury, the difference being that with regards to the one I did put on—I don't have that number, but at any rate I understand from Mr. Dupre in our office that he handled that case and felt as though he might not be a fair and reasonable juror.

So with that recommendation, Your Honor, I didn't want to put him on the jury.

This case can be distinguished from *State v. Marble*, — S.C. —, 426 S.E. (2d) 744 (1992), where this Court held when a solicitor relies on a third person's reason for striking a juror, the third person's reason must be provided. Here, the solicitor explained that Mr. Dupre, an assistant solicitor from his office, suggested striking Mr. Washington because of some prior DUI involvement which Mr. Dupre handled.

This case can also be distinguished from *State v. Oglesby*, 298 S.C. 279, 379 S.E. (2d) 891 (1989), where this Court stated the reason for striking a juror must be applied in a neutral manner. Here, the solicitor stated he struck Mr. Washington because he had a DUI involvement *which his office handled.* The burden is on the defense to prove that the solicitor's allegedly neutral reason was pretextual because it was not applied in a neutral manner. *Johnson, supra.* No evidence was presented that the white juror who was seated had the same disqualification as Mr. Washington, i.e. a DUI involvement which was handled by this particular solicitor's office.

"Under *Hernandez,* unless a discriminatory intent is inherent in the reason proffered, it will be deemed race-neutral." *State v. Green*, 306 S.C. 94, 97, 409 S.E. (2d) 785 (1991) (citing *Hernandez v. New York*, 500 U.S. [352], —, 111 S.Ct. 1859, 1866, 114 L.Ed. (2d) 395, 406 (1991). Because the trial court's findings regarding purposeful discrimination rest largely on his evaluation of demeanor and credibility, those findings are given great deference. *Hernandez, supra; Green*, 306 S.C. at 98, 409 S.E. (2d) 785. Accordingly, the trial court's determination that the solicitor did not violate *Batson* is

Affirmed.

HARWELL, C.J., and CHANDLER, J., concur.

TOAL and FINNEY, JJ., dissenting in separate opinion.

TOAL, Justice, dissenting:

I must respectfully dissent. The Solicitor's striking of a black juror in reliance on an Assistant Solicitor who participated in an earlier DUI "involvement" while seating a white juror with a DUI conviction created an inference that the racially neutral explanation was a mere pretext.

In *State v. Oglesby,* 298 S.C. 279, 379 S.E. (2d) 891 (1989), we held that even a facially neutral reason could be rejected as a sham or pretext where the reason is not applied in a neutral manner. In *State v. Marble,* — S.C. —, 426 S.E. (2d) 744 (1992), we held that where a Solicitor relies on a third person's reason for striking a juror, the third person's reason must be provided.

In the case at bar, the third person's reasoning was provided in the record; however, this reasoning must be tested as if it were offered solely by the Solicitor. On the present facts, it is inconceivable that the peremptory strike of a black juror for a DUI "involvement" is not pretextual when a white juror is seated with a DUI conviction.

While I agree that *State v. Johnson,* 302 S.C. 243, 395 S.E. (2d) 167 (1990) stands for the proposition that a defendant must show that neutral reasons are pretextual, I cannot agree that the defendant has to show anything more than the seating of a white juror when the same reason was used to excuse a black juror. Here the majority places a requirement on a defendant to go much further. With the majority's opinion today, a defendant now must also focus on which solicitor's office handled a prosecution of a potential juror. Based on this record, the Solicitor's dependence on the Assistant Solicitor's opinion is meaningless in that there is nothing offered to distinguish the excused black juror with DUI involvement from the seated white juror with a DUI conviction. Accordingly, I would hold that the Solicitor's exercise of the peremptory strike was a mere pretext, and reverse in accordance with our earlier decisions in *State v. Oglesby, supra,* and *State v. Marble, supra.*

FINNEY, J., concurs.