24136

The STATE, Respondent v. Tafford Lee DYAR, Appellant.

(452 S.E. (2d) 603)

Supreme Court

*Lesley M. Coggiola* and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Miller W. Shealy, Jr.,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard May 18, 1994; Decided Aug. 15, 1994.

Ord. Granting Reh. but Adhr. to Orig. Op. Dec. 15, 1994.

CHANDLER, Justice:

Tafford Lee Dyar was convicted of murder, first-degree criminal sexual conduct and grand larceny and was consecutively sentenced to life, 30 years and 10 years, respectively.

We affirm.

During jury selection, the State exercised peremptory challenges against four black jurors and one white. Pursuant to Dyar's *Batson*[1] motion, the Solicitor explained his strike of juror number 242, Jeffrey Scott, a black male, as follows:

> We struck him because he had recently been prosecuted by my office. He had been arrested as you remember him testifying for malicious destruction of personal or real property. I don't have my specific note in front of me. And he was arrested. He was arrested by Richland County Sheriff's Department and prosecuted. The charges were ultimately dismissed. He was the only juror—we struck all jurors who had been, whether white or black, he was the only one that came up that had been arrested and had charges dismissed in that fashion.

Counsel for Dyar responded that, in fact, a white alternate juror had charges for possession with intent to distribute marijuana dismissed in 1988. Another white juror had been charged with fraudulent checks and paid a fine. Defense counsel pointed out that, prior to trial, he had received from the Solicitor's office the list of venire persons with prior records; the list included both white jurors' names. The Solicitor then certified to the Court that he was unaware of the white jurors' prior records, but that he *personally* had been involved in prosecuting the black juror, Scott, and that only juror Scott came forward in answer to the Judge's inquiry concerning prior arrests.

Dyar's jury was composed of eight white and four black jurors; one white and one black were alternates.

Trial court ruled there was no *Batson* violation.

## ISSUE
Did the Solicitor violate *Batson v. Kentucky?*

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986).

## DISCUSSION

The striking of venire persons on account of race violates the equal protection clause of the Fourteenth Amendment. *Batson, supra.* Although Dyar is white, he has standing to object to the prosecutor's allegedly race-based peremptory challenge of black venire persons. *Powers v. Ohio.*[2] Once a defendant establishes a *prima facie Batson* violation, the burden shifts to the prosecution to present a neutral explanation for the challenges. *State v. Jones,* 293 S.C. 54, 358 S.E. (2d) 701 (1987). The State's explanation must be clear, related to the case to be tried, reasonably specific and legitimate. *State v. Grandy,* 306 S.C. 224, 411 S.E. (2d) 207 (1991). The defendant then has the burden to prove that the solicitor's allegedly neutral reasons are pretext, having not been applied equally to white jurors. *Sumpter v. State,* — S.C. —, 439 S.E. (2d) 842 (1994); *State v. Johnson,* 302 S.C. 243, 395 S.E. (2d) 167 (1990); *State v. Oglesby,* 298 S.C. 279, 379 S.E. (2d) 891 (1989). The trial court's findings regarding purposeful discrimination are accorded great deference and are to be set aside only if clearly erroneous. *Hernandez v. New York,* 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed. (2d) 395 (1991). The composition of the jury is a relevant consideration. *State v. Johnson, supra; U.S. v. Joe,* 928 F. (2d) 99 (4th Cir. 1991).

In *Sumpter, supra,* a black prospective juror was struck for a prior DUI "involvement" which the particular solicitor's office had prosecuted. A white juror with a prior DUI conviction was seated. A majority of this Court found no no *Batson* violation, as the defendant failed to show that the two jurors were similarly disqualified, *i.e.,* that the *particular* solicitor's office had handled the white juror's DUI.[3]

Here, the prosecution of Juror Scott had been handled by the particular Solicitor's office. Moreover, Juror Scott was the only juror who responded on *voir dire* when asked about a

---

[2] 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed. (2d) 411 (1991).

[3] The dissenting opinion in *Sumpter* was based upon the premise that a defendant need only show a white juror was seated when a black juror was struck for the same reason. — S.C. at — - —, 439 S.E. (2d) at 844-45. The Fourth Circuit, however, recently held that a showing of pretext does not *automatically* result in discrimination. The defendant must show, "through all relevant circumstances, that the prosecutor *intentionally* exercised his strike because of racial concerns." *U.S. v. McMillon,* 14 F. (3d) 948, 952, n. 3 (4th Cir. 1994) (Emphasis supplied.).

prior record. No evidence was presented that the white jurors' offenses had been handled by the particular Solicitor's office. Under *Sumpter*, Dyar has failed to meet his burden of establishing a *Batson* violation.

Dyar's remaining issue is affirmed pursuant to Rule 220(b)(1) SCACR and the following authority: *State v. Ford*, 301 S.C. 485, 392 S.E. (2d) 781 (1990).

Affirmed.

HARWELL, C.J., and MOORE, Acting Judge, concur.

TOAL and FINNEY, JJ., dissent in separate opinion.

TOAL, Justice, dissenting:

I must respectfully dissent, and while I could just rely on my dissent in *Sumpter v. State*, — S.C. —, 439 S.E. (2d) 842 (1994), I feel it necessary to comment on today's majority opinion.

The majority appears to place an additional, if not insurmountable, burden on the defendant. In *Sumpter*, a potential black juror was struck for a prior DUI "involvement" that the solicitor's office had previously prosecuted. This same solicitor also seated a white juror with a DUI "conviction," which was handled by a different solicitor's office. The majority in *Sumpter* held that the defendant failed to prove that the same solicitor's office handled the prosecution, consequently, there was no proof of a *Batson*[1] violation.

The holding in *Sumpter* forces a defendant to offer proof of which solicitor's office handled the prosecution, and now the majority goes even further by requiring a defendant to show which solicitor within the same office handled the prosecution. It does not require a deep analysis to realize that today's rule is fraught with enough practical problems to render a defendant powerless to counter invidious discrimination. Here, the defendant showed that a white juror prosecuted by the same office was seated as a juror, while a very similarly situated black juror was struck. To accept the reasoning that it was not this *particular* solicitor begs the question.

On the present facts, five peremptory strikes were exer-

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986).

cised by the solicitor. Three removed black males, one removed a black female, and one removed a white male. Defense counsel informed the trial court that at least two of the seated white jurors had a similar background.[2] The fact which the majority ignores is that defense counsel obtained this information from a list containing juror background information which was provided by the very same solicitor's office. The only inference I can draw from these facts is that the solicitor's reasoning was pretextual, and therefore, a *Batson* violation.

This continued departure from our previous precedent concerning the use of pretextual reasons to shield racial discrimination is alarming. *See State v. Sumpter, supra; State v. Johnson,* 302 S.C. 243, 395 S.E. (2d) 167 (1990); *State v. Oglesby,* 298 S.C. 279, 379 S.E. (2d) 891 (1989). Accordingly, I would adhere to my dissent in *Sumpter v. State, supra,* and reverse the trial court.

FINNEY, Acting Judge, concurs.

## ORDER

We granted appellant's petition for rehearing. After hearing oral arguments, we adhere to the original majority opinion. *State v. Dyar,* Op. No. 24136 (S.C. Sup. Ct. filed August 15, 1994) (Davis Adv. Sh. No. 19 at 16).

(s) <u>A. Lee Chandler</u> C.J.
(s) <u>Jean H. Toal</u> A.J.
(s) <u>James E. Moore</u> A.J.
(s) <u>John H. Walker Jr.</u> A.J.

I adhere to my original dissent.

(s) <u>Ernest A. Finney, Jr.</u> A.J.

---

[2] One seated white juror had charges for possession with intent to distribute marijuana dismissed, and a second white juror had been charged and fined for two counts of fraudulent checks. Regarding one of the struck black jurors, the solicitor stated that, "we struck him because he had recently been prosecuted by my office. . . . He was arrested by Richland County Sheriff's Department and prosecuted. The charges were ultimately dismissed." [ROA at p. 2]