2464

The STATE, Respondent v. Mack Arthur SMITH, Appellant.

(469 S.E. (2d) 57)

Court of Appeals

*Mack Arthur Smith,* Florence, *pro se.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Norman Mark Rapoport,* Columbia; and *Solicitor Dudley Saleeby, Jr.,* Florence, *for respondent.*

Submitted Feb. 6, 1996.

Filed Feb. 20, 1996; Refiled Mar. 21, 1996.

GOOLSBY, Judge:

Mack Arthur Smith appeals his conviction for driving under the influence. We affirm.[1]

At trial, Smith moved to quash the jury panel on the ground that Trooper D.A. Kelley, the officer who was prosecuting the case, struck prospective jurors in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). The magistrate court determined no *Batson* violation occurred. Following his conviction, Smith appealed to the circuit court, which affirmed the magistrate court conviction.

Smith now argues the magistrate court erred in denying his *Batson* challenge. We disagree.

*Batson* prohibits the use of peremptory strikes in a ▮ racially discriminatory manner. *State v. Chapman,* 317 S.C. 302, 454 S.E. (2d) 317 (1995). When a party makes a *Batson* challenge, the trial court must hold a hearing to determine whether peremptory strikes were properly exercised. *Id.* The party exercising the strikes must provide a racially neutral explanation for the use of the strikes, and, unless the discriminatory intent is inherent in the explanation, the reason offered will be deemed race neutral. *State v. Green,* 306 S.C 94, 409 S.E. (2d) 785 (1991), *cert. denied,* 503 U.S. 962, 112 S.Ct. 1566, 118 L.Ed. (2d) 212 (1992). While the explanation need not rise to the level justifying a challenge for cause, a racially neutral reason cannot be established by merely denying a discriminatory motive. *State v. Tomlin,* 299 S.C. 294, 384 S.E. (2d) 707 (1989). The explanation must be related to the

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

case to be tried, clear, reasonably specific, and legitimate.[2] *State v. Grandy*, 306 S.C. 224, 411 S.E. (2d) 207 (1991).

If the proffered reason is facially valid, the challenging party has the burden of showing race was the real reason for the strike and the reason given was mere pretext. *State v. Dyar*, 317 S.C. 77, 452 S.E. (2d) 603 (1994). One means of demonstrating pretext is to show the allegedly neutral reason was not applied in a neutral manner. *Sumpter v. State*, 312 S.C. 221, 439 S.E. (2d) 842 (1994).

Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record. *Riddle v. State*, 314 S.C. 1, 443 S.E. (2d) 557, *cert. denied*, — U.S. —, 115 S.Ct. 518, 130 L.Ed. (2d) 424 (1994). This determination necessarily relies upon a credibility determination by the trial court and is entitled to great deference on appeal. *State v. Green, supra.*

With these principles in mind, we turn to the explanations Trooper Kelley gave the magistrate court for the manner in which he exercised his peremptory strikes. Trooper Kelley struck the only three black jurors who were proffered, Juror Number 2, Earl Belin; Juror Number 8, William Durant; and Juror Number 23, Niola Lewis. Trooper Kelley stated on at least two occasions he had stopped cars in which Belin was an intoxicated passenger. He also stated he believed he had arrested Belin's brother and Belin had come into the police station a week prior to the trial intoxicated after having been in a fight. Trooper Kelley stated he had also stopped Durant a couple of times. The trooper said, "[Durant] scared me. And the times I've seen him, he may not be suitable for . . . a driving under the influence case. . . ." Finally, Trooper Kelley stated he had arrested a relative of Lewis's for driving under the influence.

We agree with the magistrate and circuit courts that no *Batson* violation occurred. The reasons Trooper Kelley gave for exercising his strikes were racially neutral since a discrim-

---

[2] The United States Supreme Court recently held, in a per curiam opinion, that to rebut a prima facie case of discrimination, the proffered reason for the strike must only be facially neutral. *Purkett v. Elem*, — U.S. —, 115 S.Ct. 1769, 131 L.Ed. (2d) 834 (1995). The explanation need not be "persuasive, or even plausible." *Id.* at —, 115 S.Ct. at 1771, 131 L.Ed. (2d) at 839. The South Carolina Supreme Court has yet to adopt this more lenient standard.

inatory intent was not inherent in the reasons proffered. *State v. Green, supra.* Trooper Kelley's personal contact with the venirepersons or family members on previous occasions and his obvious belief they may be biased against law enforcement or otherwise partial to Smith were legitimate and racially neutral, and were related to his views concerning the outcome of the case to be tried. *See State v. Dyar, supra* (denying the challenge where the struck juror had been arrested and prosecuted by the state); *Sumpter v. State, supra* (denying the challenge where the struck juror had prior DUI involvement with the prosecutor's office); *State v. Johnson, supra* (denying the challenge where one struck juror's neighbor had been arrested by one of the officers involved in the case; another lived near and frequented an establishment that had problems with the law enforcement of the county; another's brother or a man who shared the juror's last name had an indictment against him; and the prosecutor stated he was afraid the jurors could not be impartial); *State v. Martinez,* 294 S.E. 72, 73, 362 S.E. (2d) 641, 642 (1987) (denying the challenge where two struck jurors were noted as having "possible criminal records"); *see also Taylor v. State,* 491 So. (2d) 1150 (Fla. Dist. Ct. App. 1986) (denying the challenge where a relative of the struck juror had been accused of murder). Furthermore, the record does not reflect Smith asked Trooper Kelley about any of the jurors he did not strike. There is also nothing to indicate Kelley failed to strike a white juror whom he had arrested, who was related to someone he arrested, or whom he knew from living in his community. Hence, the record does not demonstrate the reasons proffered by Trooper Kelley were pretextual.[3]

Affirmed.

HOWELL, C.J., and HEARn, J., concur.

---

[3] We note Smith alleges in his brief that, although the record does not reflect it, Trooper Kelley was questioned as to whether any of the family members of the white jurors were ever stopped by him or "ever had a run in with the law." Smith alleges Trooper Kelley "could and did not deny some of the white jurors' family members had been in trouble with the law." Because Smith's allegations are not supported by the record, however, we cannot consider them. Rule 209(h), SCACR ("Except as provided by Rule 211 and Rule 207(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal.").