515 S.E.2d 88

**The STATE, Respondent,**

v.

**Bradford HAIGLER, Appellant.**

**No. 24927.**

Supreme Court of South Carolina.

Heard Feb. 17, 1999.

Decided March 22, 1999.

624

626

Assistant Appellate Defender Robert M. Dudek of the South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, all of Columbia, and Solicitor Walter M. Bailey of Summerville, for respondent.

WALLER, Justice:

A jury convicted Bradford Hailer (appellant) of murder. A circuit judge sentenced him to life in prison. This appeal follows.

## FACTS

Appellant murdered John Bovain (victim) in January 1997 by shooting him twice in the head with a handgun. The shooting occurred while appellant, then seventeen years old, was a passenger in a car the victim was driving. The car crashed into a building, injuring appellant. Appellant left the scene and walked home. Appellant first told police that one of three men who flagged down the car shot the victim. The

next day, appellant confessed he had shot Bovain with his father's pistol. He took detectives to the location where he had hidden the pistol in a pile of yard debris while walking home.

Appellant is a black man. The jurors seated in his case included three white men, five white women, one black man, and three black women. The two alternate jurors, who did not participate in deliberations, were black men. The prosecutor exercised peremptory challenges against four black women and one white man.

Appellant raised a *Batson*[1] challenge to the prosecutor's decision to strike the black women as prospective jurors. The prosecutor stated he struck the first black woman because she was very young and had gone to school with appellant. He struck the second black woman because she had a shoplifting conviction. He struck the fourth black woman because she was unemployed, which meant she had an insufficient stake in the community. The trial judge ruled all those were race-neutral reasons for the strikes.

The prosecutor stated he struck the third black woman, Tammy Berry, for two reasons.

One reason is that she had prior jury service on a criminal sexual conduct and came back with a not guilty verdict. That wasn't the main reason. The main reason was that Larry Smith[2] who is a key witness here knows this person, says she is a good person but she is very high strung, a critical type person, opionated (sic) and he didn't feel like she could deliberate well with the other jurors, would be a polarizing individual.

Appellant argued the first reason given by the prosecutor was pretextual because the prosecutor had accepted Gerald Smith, a white man, who also had returned a not guilty verdict in a criminal case.[3] Smith had sat on a criminal jury eighteen

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**2.** The prosecutor apparently meant to say "Larry Williams." Orangeburg Sheriff's Capt. Larry Williams led the investigation and testified at appellant's trial. The prosecutor referred to him as "Mr. Williams" at another point during the *Batson* hearing.

**3.** Smith did not serve on the jury because appellant struck him.

to twenty years earlier, and he thought he remembered that the verdict in the domestic shooting case was not guilty. Berry had sat on a criminal jury five years earlier, and definitely remembered that the verdict in the rape case was not guilty. Appellant argued the second reason given by the prosecutor was pretextual because Berry did not stand up during voir dire to say she knew Larry Williams when venire members were asked whether they knew law enforcement officers involved in the case.

The trial judge denied the *Batson* motion, ruling both the prosecutor's reasons were racially neutral and not pretextual. Appellant contends the judge erred.

## ISSUE

Did the trial judge err in not finding a *Batson* violation?

## DISCUSSION

■ The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venireperson on the basis of race. *State v. Hicks,* 330 S.C. 207, 499 S.E.2d 209 (citing *Batson v. Kentucky, supra* ), *cert. denied,* —— U.S. ——, 119 S.Ct. 552, 142 L.Ed.2d 459 (1998); *Payton v. Kearse,* 329 S.C. 51, 495 S.E.2d 205 (1998). The purposes of *Batson* and its progeny[4] are to protect the defendant's right to a fair trial by a jury of the defendant's peers, protect each venireperson's right not to be excluded from jury service for discriminatory reasons, and preserve public confidence in the fairness of our system of justice by seeking to eradicate discrimination in the jury

---

4. The *Batson* principles are broadly applied today. A party may not exclude potential jurors on the basis of gender as well as race. *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). A criminal defendant may object to race-based peremptory challenges on equal protection grounds regardless of whether the defendant and potential juror share the same race. *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). A prosecutor may challenge a defendant's use of peremptory challenges as an equal protection violation. *Georgia v. McCollum,* 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). The prohibitions on the discriminatory use of peremptory challenges apply in criminal and civil cases. *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

selection process. *Powers v. Ohio,* 499 U.S. 400, 404–10, 111 S.Ct. 1364, 1367–70, 113 L.Ed.2d 411, 420–24 (1991); *Batson v. Kentucky,* 476 U.S. at 85–87, 106 S.Ct. at 1716–18, 90 L.Ed.2d at 79–81.

 A *Batson* hearing is conducted in the following manner. First, the trial judge must hold a *Batson* hearing when members of a cognizable racial group or gender are struck and the opposing party requests a hearing. Second, the proponent of the strike must present a race- or gender-neutral explanation. At this second step, the proponent of the strike no longer is required to offer a reason that is race or gender-neutral *and* clear, reasonably specific, and legitimate. The reason must only be race- or gender-neutral. Third, the opponent of the strike must show that the race- or gender-neutral explanation given was mere pretext. *State v. Adams,* 322 S.C. 114, 124, 470 S.E.2d 366, 372 (1996) (adopting the *Batson* procedure set forth in *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)). The burden of persuading the court that a *Batson* violation has occurred remains at all times on the opponent of the strike. *Id.*

 "Pretext generally will be established by showing that similarly situated members of another race were seated on the jury. Under some circumstances, the race-neutral explanation given by the proponent may be so fundamentally implausible that the judge may determine, at the third step of the analysis, that the explanation was mere pretext even without a showing of disparate treatment." *Payton v. Kearse,* 329 S.C. at 55, 495 S.E.2d at 207; *accord State v. Adams, supra; State v. Casey,* 325 S.C. 447, 481 S.E.2d 169 (Ct.App. 1997).

 In deciding whether the opponent of a strike has carried the burden of persuasion, a court must undertake a sensitive inquiry into the circumstantial and direct evidence of intent. A strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes. *State v. Oglesby,* 298 S.C. 279, 379 S.E.2d 891 (1989). Whether a party's proffered reason for exercising a peremptory strike is discriminatory must be determined by examining the totality of the facts and circumstances in the record. *Riddle v. State,* 314

S.C. 1, 443 S.E.2d 557 (1994). The composition of the jury panel is a factor that may be considered when determining whether a party engaged in purposeful discrimination. *State v. Dyar*, 317 S.C. 77, 452 S.E.2d 603 (1994); *State v. Johnson*, 302 S.C. 243, 395 S.E.2d 167 (1990).

The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous. *State v. Ford*, 334 S.C. 59, 512 S.E.2d 500 (1999); *State v. Dyar, supra* (citing *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). When the record does not support a party's stated reason for a strike, this Court will overturn the trial court's findings that are based on that reason. *State v. Ford, supra; State v. Patterson*, 307 S.C. 180, 414 S.E.2d 155 (1992).

We hold that appellant has not carried his burden of persuasion in proving the prosecutor engaged in purposeful discrimination during the jury selection process. The case upon which he primarily relies, *State v. Oglesby, supra,* is inapposite. In that case, the prosecutor struck three black women, resulting in an all-white jury. The prosecutor adamantly insisted he struck the black prospective jurors because they were patients of a doctor who was a defense witness. The Court found the reason pretextual because the prosecutor seated a white woman who also was a patient of the same doctor.

In this case, the prosecutor's primary reason for striking Berry was because the lead detective in appellant's case knew her to be a high-strung, critical person who would be a polarizing force on the jury. That was a race-neutral reason for the strike. *Cf. State v. Richburg*, 304 S.C. 162, 403 S.E.2d 315 (1991) (officer's apparent knowledge that venireperson had anti-law enforcement bias may be race-neutral reason for strike); *State v. Smith*, 321 S.C. 471, 469 S.E.2d 57 (Ct.App.1996) (trooper's personal contact with venirepersons and belief they may hold anti-law enforcement bias may be race-neutral reason for strike). Berry's failure to reveal during voir dire that she was acquainted with the lead detective is irrelevant to the *Batson* analysis, which focuses upon a party's knowledge of a potential juror and reason for exercising a peremptory challenge.

The prosecutor's second, less important reason for striking Berry was that she had served on a criminal jury that had returned a not guilty verdict. If we deemed that reason to be pretextual because the prosecutor seated Smith, a white man who also had served on a criminal jury that returned a not guilty verdict, then we would find a *Batson* violation under *Payton v. Kearse, supra.*

In *Payton v. Kearse,* we rejected the dual motivation analysis, instead adopting a "tainted" approach in which a fundamentally implausible or pretextual reason for a strike taints any other legitimate reason for the strike. "Once a discriminatory reason has been uncovered—either inherent or pretextual—this reason taints the entire jury selection procedure. By adopting dual motivation, this Court would be approving a party's consideration of discriminatory factors so long as sufficient nondiscriminatory factors were also part of the decision to strike a juror and the discriminatory factor was not the substantial or motivating factor. However, any consideration of discriminatory factors in this decision is in direct contravention of the purpose of *Batson* which is to ensure peremptory strikes are executed in a nondiscriminatory manner." *Id.,* 329 S.C. at 59, 495 S.E.2d at 210.

However, we do not believe the prosecutor's second reason was fundamentally implausible or pretextual. First, Berry and Smith were not similarly situated in that Berry had served on a criminal jury five years earlier and definitely remembered the verdict, while Smith had served on a criminal jury some twenty years earlier and was unsure of the verdict. Second, and more importantly, the circumstances of the jury selection process indicate the prosecutor did not strike potential jurors for racially motivated reasons. While the prosecutor struck four black prospective jurors, he seated four black people on the regular jury and two black alternate jurors. *See State v. Dyar, supra* (composition of jury panel is one factor to consider in *Batson* analysis); *State v. Guess,* 318 S.C. 269, 457 S.E.2d 6 (Ct.App.1995) (finding no purposeful discrimination, in part because jury included six members of the minority allegedly offended); *State v. Watts,* 320 S.C. 377, 465 S.E.2d 359 (Ct.App.1995) (finding no purposeful discrimination, in part because jury was composed of eight white people and

four black people, and prosecutor had struck two white people).

Similarly, the record contains no indication the prosecutor's stated reasons for striking the other three black women—that one was too young and knew appellant, one had a criminal conviction, and one was unemployed—were motivated by purposeful discrimination. *See State v. Ford, supra* (lack of employment or place or type of employment may be race-neutral reason for strike); *State v. Johnson,* 302 S.C. 243, 395 S.E.2d 167 (1990) (potential juror's knowledge of and association with defendant may be race-neutral reason for strike); *State v. Dyar, supra* (past prosecution of potential juror by particular solicitor's office may be race-neutral reason for strike); *State v. Green,* 306 S.C. 94, 409 S.E.2d 785 (1991) (unemployment may be race-neutral reason for a strike); *State v. Martinez,* 294 S.C. 72, 362 S.E.2d 641 (1987) (unemployment and possible criminal records may be race-neutral reasons for a strike).

## CONCLUSION

We conclude the trial judge correctly ruled that appellant failed to prove a *Batson* violation.

We dispose of appellant's three remaining issues pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 2: *State v. Byram,* 326 S.C. 107, 485 S.E.2d 360 (1997) (a constitutional argument is not preserved for appeal where appellant failed to argue the constitutional basis for his request at trial); *State v. Williams,* 303 S.C. 410, 401 S.E.2d 168 (1991) (finding that issues not raised to and ruled on by trial judge are not preserved for review); Issue 3: *State v. Nichols,* 325 S.C. 111, 481 S.E.2d 118 (1997); *State v. Alexander,* 303 S.C. 377, 401 S.E.2d 146 (1991); *State v. Patrick,* 289 S.C. 301, 345 S.E.2d 481 (1986), *overruled on other grounds, Casey v. State,* 305 S.C. 445, 409 S.E.2d 391 (1991); *State v. Middleton,* 288 S.C. 21, 339 S.E.2d 692 (1986); *State v. Williams,* 321 S.C. 327, 468 S.E.2d 626 (1996); Issue 4: *State v. Nichols,* 325 S.C. 111, 481 S.E.2d 118 (1997); *State v. Gadsden,* 314 S.C. 229, 442 S.E.2d 594 (1994); *State v. Lowry,* 315 S.C. 396, 434 S.E.2d

272 (1993); *State v. Linder,* 276 S.C. 304, 278 S.E.2d 335 (1981).

AFFIRMED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.