THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Manuel Robinson, as duly appointed Personal Representative of the estate of Brenda Doris Robinson, deceased,
Appellant,
v.
Bon Secours St. Francis Health System, Inc. and St. Francis Hospital, Inc., d/b/a St. Francis Women's and Family Hospital, Adrian Paul
Corlette, Sr., MD, Elaine Mary Haule, MD, Donald Webster Wing, MD, Tara L.
Sabatinos, PA, Respondents.
 
 
 

Appeal From Greenville County
 D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2006-UP-333
Submitted September 1, 2006  Filed September 20, 2006   

AFFIRMED

 
 
 
Matthew W. Christian, of Greenville, Warren H. Christian, Jr., of Greenville, for Appellant.
Ashby W. Davis, of Greenville, Gregory Alan Morton, of Greenville, for Respondents.
 
 
 

PER CURIAM:  Manuel Robinson (Robinson), as duly appointed Personal Representative of the estate of Brenda Doris Robinson, deceased, appeals the decision of the circuit court denying his Batson Motion and Motion for a New Trial.  We affirm.[1]
FACTS
Brenda Robinson was a fifty-two-year-old black female and was married to Robinson at the time of her death.  She had a seizure disorder, which included epilepsy.  She died on September 19, 2000, while under the care of Bon Secours St. Francis Health System, Inc. and St. Francis Hospital, Inc., Adrian Paul Corlette, Sr., MD, Elaine Mary Haule, MD, Donald Webster Wing, MD, and Tara L. Sabatinos, PA (Defendants). On May 1, 2003, Robinson filed a medical malpractice action on behalf of his deceased wifes estate against Defendants.  Jury selection began on March 21, 2005.  
During jury selection, Defendants attorney (Mr. Davis) exercised the following strikes: first, Juror Number Twelve (a fifty-year-old single black female); second, Strike List Number Two[2] (a white male); third, Juror Number Ten (a nineteen year old unemployed black female); and fourth, Juror Number 179 (a twenty-four-year-old black female).  Mr. Davis also struck two alternate jurors.  Robinson made a timely Batson Motion claiming the strikes were racially discriminatory. 
Mr. Davis claimed the reason for striking Juror Number Twelve was that she as a 53-year-old black female would more identify with the 52-year-old decedent in this case than she would any other party.  Mr. Davis pointed out that one of his clients was black.  Mr. Davis stated the reason for striking Juror Number 179 was because she had limited education and limited life experience due to her youth.  Mr. Davis claimed the reason for striking Juror Number Ten was she was too young and unemployed.  Mr. Davis also claimed he did not realize this juror was black.  Robinson claimed Mr. Daviss reasons were pretextual.        
Robinsons motion was denied and the jury was seated.  The trial began on March 21, 2005.  The jury rendered a verdict for Defendants on March 25, 2005.  Robinson moved for a new trial on April 1, 2005.  The Batson issues raised during jury selection were the only issues in Robinsons Motion for a New Trial.  On May 11, 2005, the circuit court denied Robinsons Motion for a New Trial.  This appeal followed.
STANDARD OF REVIEW
Whether a Batson violation has occurred must be determined by examining the totality of the facts and circumstances in the record.  Riddle v. State, 314 S.C. 1, 443 S.E.2d 557 (1994).  The opponent of the strike carries the ultimate burden of persuading the trial court the challenged party exercised strikes in a discriminatory manner.  State v. Adams, 322 S.C. 114, 470 S.E.2d 366 (1996).  Appellate courts give the trial judges finding great deference on appeal, and review the trial judges ruling with a clearly erroneous standard.  State v. Dyar, 317 S.C. 77, 452 S.E.2d 603 (1994).
The trial judges findings of purposeful discrimination rest largely on his evaluation of demeanor and credibility.  Sumpter v. State, 312 S.C. 221, 439 S.E.2d 842 (1994). Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and evaluation of the prosecutors mind lies peculiarly within a trial judges province.  Hernandez v. New York, 500 U.S. 352 (1991).
LAW/ANALYSIS
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venire person on the basis of race or gender.  State v. Hicks, 330 S.C. 207, 499 S.E.2d 209 (1998). When one party strikes a member of a cognizable racial group or gender, the trial court must hold a Batson hearing if the opposing party requests one.  See generally State v. Haigler, 334 S.C. 623, 515 S.E.2d 88 (1999). The proponent of the strike must offer a race or gender neutral explanation.  Id. The opponent must show the race or gender neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender. Under some circumstances, the explanation given by the proponent may be so fundamentally implausible the trial judge may determine the explanation was mere pretext, even without a showing of disparate treatment.  Id.
In the present case, racial discrimination was the only issue Robinson raised to the circuit court.  [A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).   Therefore, our review will focus solely on racial discrimination.
Robinson did not present any evidence during the Batson hearing that Mr. Davis seated any other similarly situated juror of a different race.  Robinson simply pointed out Mr. Davis said he would like jurors with more life experience, and Juror Number Twelve should meet that criteria due to her being 53 years of age.  Robinson claimed the only reason Juror Number Twelve could identify more with the decedent was due to her being black.  These were the only arguments raised by Robinson to show Mr. Daviss reasons were merely pretexts to justify the strikes.  Robinson did not specifically address any of the other challenged strikes.    
This argument was countered by Mr. Daviss statement that Juror Number Twelve was struck for the same reason that Juror Number Two, a white male, was struck.  Juror Number Twos wife was disabled, and he was struck because Mr. Davis felt he may identify more with the decedent due to his wifes and the decedents disabilities.  Mr. Davis had already pointed out to the court that one of his clients was black.  This undermines Robinsons claim that Mr. Daviss concern about Juror Number Twelve more closely identifying with the decedent than any other party was racially motivated.
The burden of showing pretext is on the party challenging the strike.  The striking party does not have to show that the reason they assert is not pretextual.  See generally State v. Haigler, 334 S.C. 623, 515 S.E.2d 88 (1999).  The trial court found that Defendants had offered a racially neutral, plausible reason for the strikes, and that Robinson had not met the burden of challenging the strikes.  Appellate courts give the trial judges finding great deference on appeal, and review the trial judges ruling with a clearly erroneous standard.  State v. Dyar, 317 S.C. 77, 452 S.E.2d 603 (1994).  Based on the record before us, we can not say the circuit courts findings were clearly erroneous. 
For the reasons stated above we find no error in the circuit courts order denying Robinsons Batson Motion and Motion for a New Trial. The circuit courts order is therefore
 AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] This Jurors number does not appear in the record.