THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Gregory Tucker, Appellant.
 
 
 

Appeal From Florence County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2005-UP-510
Submitted June 1, 2005  Filed August 30, 2005   

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attoney General W. Rutledge Martin, Office of the Attorney General, of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: Gregory Tucker was convicted of first-degree criminal sexual conduct, kidnapping, and possession of a knife during the commission of a violent crime.  Tucker appeals, arguing the trial court erred in denying his challenge of the States peremptory strikes.  We affirm.[1]
FACTS
Tucker, an African-American male, was indicted for first-degree criminal sexual conduct, kidnapping, first-degree burglary, and possession of a knife during the commission of a violent crime.  During jury selection for Tuckers trial in March 2003, the State used its peremptory challenges to strike Juror #53, a black male; Juror #15, a black male; and Juror #142, a black female.  Before the jury was sworn, Tucker made a motion under Batson v. Kentucky, 476 U.S. 79 (1986), challenging the States use of its peremptory strikes to exclude black jurors.  The State explained that it struck Juror #53 because he had served time on a contempt charge for failure to pay child support.  He also had a Magistrate level drug conviction.  The State said it struck Juror #15 because the victim in this case was a female and the juror had made comments during the qualification process that elicited a negative attitude toward (sic) women.  Finally, the State argued it struck Juror #142 because she had [m]agistrate level convictions for drugs and for breach of trust.  As evidence of pretext, Tucker pointed out that the third juror seated by both parties was a white male who had a magistrate level offense for driving under suspension.  The State explained that there may, based on witness testimony, be some evidence brought in with regards to drugs and thats why [it] kept all drug convictions out.  The trial court held the State had shown valid reasons for striking the jurors that were excused and denied Tuckers motion.[2]
The jury found Tucker guilty of first-degree criminal sexual conduct, kidnapping, and possession of a knife during commission of a violent crime.  The jury acquitted him of the first-degree burglary charge.  Tucker made a motion for a new trial based on his challenge of the peremptory strikes.  Though no evidence of drugs came out at trial, the trial court denied Tuckers motion for a new trial, finding Tucker did not show the strikes were pretextual. 
The trial court sentenced Tucker to 30 years imprisonment for criminal sexual conduct, 30 years concurrent for kidnapping, and 5 years consecutive for possession of a knife during the commission of a violent crime.  This appeal followed.                 
LAW/ANALYSIS
Tucker claims the trial court erred in denying his challenge to the States peremptory strikes because they were racially motivated.  We disagree.
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venire person on the basis of race or gender.  Batson v. Kentucky, 476 U.S. 79, 89 (1986); State v. Hicks, 330 S.C. 207, 211, 499 S.E.2d 209, 211 (1998).  As a result, a trial judge must hold a Batson hearing when members of a cognizable racial group or gender are struck and the opposing party requests a hearing.  State v. Haigler, 334 S.C. 623, 629, 515 S.E.2d 88, 90 (1999).  Once a Batson hearing has been requested, the proponent of the strike must offer a race or gender-neutral explanation for excusing the juror.  Id.  In return, the opponent must show the race or gender-neutral explanation was mere pretext, which is generally established by showing the party did not strike a similarly situated member of another race or gender.  Id. at 629, 515 S.E.2d at 91.  
The opponent of the strike carries the ultimate burden of persuading the trial court the challenged party exercised strikes in a discriminatory manner.  State v. Adams, 322 S.C. 114, 124, 470 S.E.2d 366, 372 (1996).  In deciding whether the opponent of a strike has carried the burden of persuasion, a court must undertake a sensitive inquiry into the circumstantial and direct evidence of intent. Haigler, 334 S.C. at 629, 515 S.E.2d at 91.  A strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes.  Id.  Under some circumstances, the explanation given by the proponent may be so fundamentally implausible that the trial judge may determine the explanation was mere pretext, even without a showing of disparate treatment.  Id.  
Whether a Batson violation has occurred must be determined by examining the totality of the facts and circumstances in the record.  Id.  The trial courts findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous.  Id. at 630, 515 S.E.2d at 91.  Because the trial courts findings regarding purposeful discrimination rest largely upon an evaluation of the credibility of the attorney making the strikes, we give those findings great deference.  State v. Patterson, 307 S.C. 180, 182, 414 S.E.2d 155, 157 (1992).  However, where the record does not support the attorneys stated reason for the strike, the trial courts findings must be overturned.  Id. at 182-83, 414 S.E.2d at 157.
We hold Tucker did not carry his burden of persuasion in proving the State engaged in purposeful discrimination during the jury selection process.  In this case, the States primary reason for striking two jurors was because they had drug convictions, and counsel for the State was concerned with these jurors reactions to testimony and evidence of drug use that potentially could come in during the trial of the case.  Though there is some confusion as to the criminal history of Juror #26, a white male, there is no doubt he did not have a drug conviction.[3]  Tucker did not point to any other seated jurors of another race who were similarly situated to the stricken venire persons.  The State struck the third juror for questionable comments regarding women, a potential problem because the victim was a female.  Therefore, the record contains no indication that the States reasons for striking the three black jurors were motivated by purposeful discrimination.  
 AFFIRMED.
HEARN, C.J., BEATTY, and SHORT, J.J., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Judge James Brogdon, Jr., qualified the jury, but Judge J. Michael Baxley presided over the trial itself.  
[3] During the Batson hearing, the State presented that Juror #26 had a six-year-old conviction for driving under suspension.  However, during the post-trial motions, the State did not correct Tucker when he represented to the trial court that Juror #26 had a conviction for driving under the influence.