23594

The STATE, Respondent v. Stephen Elliott ADAMS, Appellant.
(415 S.E. (2d) 402)

Supreme Court

---

[2] Although we are aware joinder may have been appropriate in this case, that avenue was not chosen by the plaintiff.

*Joseph L. Savitz, III*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Norman Mark Rapoport*, Columbia, and *Sol. Charles Molony Condon*, North Charleston, *for respondent.*

Heard Jan. 6, 1992.

Decided March 9, 1992.

TOAL, Justice:

The appellant was convicted of possession of cocaine with intent to distribute and possession of heroin with intent to distribute. He appeals his conviction on the grounds that the State's use of peremptory challenges violated *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). We reverse and remand for a new trial.

## FACTS

The State exercised four peremptory challenges removing a black male, a black female, a white male and a white female. At the *Batson* hearing, the solicitor explained he struck the black female because of a fraudulent check conviction. As for the black male, the solicitor explained the docket clerk had placed several question marks by the juror's name. The solicitor was unable to explain what the question marks meant but he believed it may have indicated a possible criminal record. Therefore, the solicitor stated he struck those jurors with question marks as a matter of course. A white juror with question marks by his name, however, was not struck by the State.

## LAW/ANALYSIS

At a *Batson* hearing the State must present its racially neutral explanation for its challenges. *State v. Oglesby*, 298 S.C. 279, 379 S.E. (2d) 891 (1989). The explanation need not rise to the level justifying a challenge for cause, however, the State may not rebut the defendant's *prima facie* case by merely denying a discriminatory motive. *State v. Tomlin*, 299 S.C. 294, 384 S.E. (2d) 707 (1989). The State must give a clear and reasonably specific explanation for its strikes. *Id.* The court has the right to examine the legitimacy of the explanations. *Id.*

We hold the State may not meet its burden and avoid any meaningful examination of its explanation by merely asserting a third person made the decision to strike and communicated this decision to the solicitor. The clear and reasonably specific explanation offered by that person must be provided. Without this requirement, there would be no assurance that the third person did not make the decision based on the juror's race. The State in the case at bar has not articulated a sufficiently clear and reasonably specific explanation and, therefore, failed to rebut the defendant's *prima facie* case.

Furthermore, even if the explanation had been adequate, it was negated when the State presented a white juror who also had question marks by his name. The explanation given was merely pretextual since it was not applied in a racially neutral manner. *Oglesby, supra.*

We reverse the trial court's ruling on the *Batson* issue and remand for a new trial.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.