23914

The STATE, Respondent v. Reginald GEDDIS, Appellant.

(437 S.E. (2d) 31)

Supreme Court

*Chief Atty. Daniel T. Stacey* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen Harold M. Coombs, Jr., Staff Atty. Rakale Buchanan Smith,* Columbia, and *Sol. David Price Schwacke,* North Charleston, *for respondent.*

Heard June 7, 1993.

Decided Aug. 9, 1993.

CHANDLER, Justice:

Appellant Reginald Geddis challenges his convictions for

criminal sexual conduct and kidnapping, contending that the state violated *Batson v. Kentucky*, 476 U.S 79,106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). We affirm.

## FACTS

Geddis, a black man, objected to the State's use of peremptory strikes against black jurors. The dispute here centers upon the State's strike of Juror Number 3, a black female, 23 years old. During the *Batson* hearing, the Solicitor explained that she struck Juror Number 3 because of her young age: "I try to avoid putting women especially that young on my juries."

The Solicitor further explained that she seated two young white women, both 20 years old, despite their youth, since they spent the prior day watching another trial: "To me that overcame the normal procedure of striking because they showed great interest in watching the other trial." She stated that Juror Number 3 had not displayed a similar interest in the proceedings.

The trial judge himself stated that he had observed one of these white jurors, Ms. McFarland, in the audience of an earlier trial. He then held that there was a sufficient distinction between the young white women and Juror Number 3, concluding that the jury panel was not constitutionally defective.

## ISSUE

Was the State's strike of Juror Number 3 racially discriminatory?

## DISCUSSION

Geddis argues that inasmuch as the judge made no specific findings with respect to the second young white woman seated, the Solicitor's explanation as to this juror was mere pretext. We disagree.

It is well settled that *Batson* proscribes the State from exercising its preemptive strikes in a racially discriminatory manner. In analyzing *Batson* issues, the Court has adopted a three-prong inquiry:

> First, the defendant must make a *prima facie* showing that the solicitor exercised such challenges on the basis of race.

Second, if the requisite showing is made, the burden shifts to the Solicitor to articulate a race-neutral explanation for the strikes in question.

Third, the trial court must determine whether the defendant has met his burden of proving purposeful discrimination.

*State v. Green*, 306 S.C. 94, 409 S.E. (2d) 785 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1566, 118 L.Ed. (2d) 212 (1992).

The State's explanation for striking a black juror "must be examined in light of the circumstances under which it is exercised, including an examination of the explanation offered for other strikes." *State v. Oglesby*, 298 S.C. 279, 280, 379 S.E. (2d) 891, 892 (1989). The State's reason for striking a juror must be applied in a racially neutral manner. *Id.; State v. Adams*, 307 S.C. 368, 415 S.E. (2d) 402 (1992). The trial judge's findings of whether there was purposeful discrimination are accorded great deference on appeal. *Green, supra.*

In *State v. Wilder*, 306 S.C. 535, 413 S.E. (2d) 323 (1992), we held that the Solicitor's strike of a black juror on the basis of lateness was racially neutral even though a white juror, who was also late, was not struck. The white juror's expressed willingness to serve on the jury overcame the presumption that her tardiness conveyed disrespect for the court.

We find *Wilder* dispositive. The Solicitor stated that the interest of *both* young, white jurors in courtroom proceedings overcame their young age and distinguished them from Juror Number 3. The fact that the judge noted seeing only one of the two jurors in the courtroom is irrelevant; it is the Solicitor, not the trial court, who must articulate a racially neutral reason for striking the juror.

Based upon this record, we find no purposeful discrimination in the striking of Juror Number 3.

Affirmed.

HARWELL, C.J., and MOORE, J., concur.

FINNEY and TOAL, JJ., dissent in a separate opinion.

FINNEY, Justice (dissenting):

I respectfully dissent. In my opinion, the record refutes the

ruling of the trial judge that the solicitor's articulated explanation for striking a black juror constituted a racially neutral reason comporting with *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). I would reverse and remand for a new trial, holding that the peremptory strike of the black juror was in violation of *Batson v. Kentucky, supra,* and this Court's subsequent decisions implementing *Batson* in *State v. Adams,* 307 S.C. 368, 415 S.E. (2d) 402 (1992); and *State v. Oglesby,* 298 S.C. 279, 379 S.E. (2d) 891 (1989).

The solicitor exercised a peremptory strike against a 23-year-old black woman because she tried to "avoid putting women especially that young on my juries." The solicitor seated two 20-year-old white women because "they showed great interest" in watching another trial on the preceding day. The trial judge stated that he noticed one of the white jurors in the audience during an earlier trial. On this basis, the trial judge then ruled that there was sufficient distinction between the two 20-year-old white women and the 23-year-old black woman to meet the racially neutral test enunciated in *Batson.*

Exercising peremptory challenges in a racially discriminatory manner is prohibited by *Batson.* In *State v. Oglesby, supra,* this Court ruled that the state's articulated reason must be examined in light of the circumstances, to include scrutinizing the explanation, with cognizance of the fact that a reason racially neutral on its face my be invalidated or rendered a sham by failing to apply the reason in a neutral manner.

The record reflects a prima facie showing that the solicitor exercised a race-based peremptory strike against the 23-year-old black woman. During the ensuing *Batson* hearing, the solicitor reposed the state's entire burden upon the presumed interest of the two 20-year-old white women because they were spectators at a previous trial. Solely upon the weight of the solicitor's mere assertion and the trial judge's concurrence that he, too, has seen one of the white 20-year-old women observing an earlier trial, the majority affirms the trial judge's ruling that the appellant's jury was not constitutionally defective.

The *Batson* holding on this issue was clarified in *State v. Green,* 306 S.C. 94, 409 S.E. (2d) 785 (1991), *cert. denied,* ___

U.S. ___, 112 S.Ct. 1566, 118 L.Ed. (2d) 212 (1992). *State v. Green, supra,* requires the trial judge to determine first, whether the defendant has made a prima facie showing of discrimination; second, whether—in light of the circumstances— the solicitor's articulated explanation is racially neutral; and third, whether the defendant has met his burden of proving purposeful discrimination.

The majority cites *State v. Wilder,* 306 S.C. 535, 413 S.E. (2d) 323 (1991), as analogous. There, the solicitor struck a black juror who was late and seated a white juror who also arrived late. We affirmed the trial judge's ruling that the solicitor had carried his burden with the explanation the the white juror's statement on the record of a desire to perform jury service outweighed the negative presumption created by her tardiness.

I find the case under consideration distinguishable from *Wilder* in the ruling of the trial judge here is without support in the record. Absent an affirmative showing of genuine interest on the part of the white jurors—or the lack thereof by the black juror—the solicitor's effort, by inference, to ascribe relevant motives based upon their mere presence at some point during another trial, in my view, does not constitute a racially neutral explanation for seating the two white jurors or failing to seat the black juror. Hence, the potentially race-neutral reason of interest on the part of the white jurors and indifference by the black juror becomes a sham and a pretext for purposeful racial discrimination when applied in the manner done here. *See State v. Oglesby, supra.*

I am persuaded that the record does not support the ruling of the trial judge that there was a sufficient distinction between the positions of the two 20-year-old white jurors and the 23-year-old black juror to render the solicitor's explanation racially neutral. From the record, it is evident that the defendant has met his burden of proof. Based upon the conclusion that the solicitor's articulated reason for striking the black juror was vacuous and a pretext for purposeful discrimination, in violation of the mandates of *State v. Oglesby, supra,* I would reverse and remand for a new trial.

Toal, J., concurs.