627 S.E.2d 763

**The STATE, Respondent,**

v.

**Michael Brian FLYNN, II # 1, Appellant.**

No. 4087.

Court of Appeals of South Carolina.

Submitted Jan. 1, 2006.
Decided Feb. 27, 2006.

84

Deputy Chief Attorney Joseph L. Savitz, III, Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Office of the Attorney General, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

WILLIAMS, J.:

Michael Brian Flynn appeals following convictions for burglary in the first degree, two counts of armed robbery, and possession of a firearm during the commission of a violent crime. Specifically, Flynn argues the trial court erred in failing to find that the State violated *Batson v. Kentucky*[1] by using five peremptory strikes to remove black females from his jury.

## FACTS

After the jury was qualified, Flynn's counsel raised a *Batson* challenge based on the fact that the State used all its

1. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

strikes to remove black females from the jury.[2] The trial court then advised the State that it had the burden of presenting a racially neutral explanation for the strikes. The following explanations were presented:

> Your Honor, as it relates to [Juror] 124, she had a violation of [a] check law. In addition, she was young ... The next person, [Juror 76], was a person who works at Food Lion as a customer service representative ... In her employment, she deals with complaints day in and day out, about bickering and things of that nature, and I thought that because there would be some of that in this case that I wouldn't want somebody in that kind of job who is dealing always with conflicts and hassles in her job ... *[Juror] 21 ... is a Head Start director. I view that as a very liberal job and that's the reason why I struck her* ... [Juror 91] works at Baptist Hill High School, ... as a secretary, and I thought she might have sympathy for young people ... [Juror 154] also has a fraud check. She's young, and she had—she was a cook or worked in the cafeteria at the College of Charleston. Between all three of those things, I moved to strike her. (**emphasis added**).

Defense counsel took exception to the State's reasons for striking Juror 21, the Head Start Director. Counsel argued that being liberal is not an appropriate reason for being stricken from a jury. The State then expounded on its reasons for striking her: "Your Honor, I believe that is a social welfare kind of program, and as director she is liberal in nature. It's a liberal type of attitude and job, and that is why I struck her."

The trial court ruled that given the nature of the case and progress of the trial to that point, it would be possible to consider a Head Start director as an improper juror. The court then stated: "I'm going to conclude that it's race neutral, particularly in view of the fact that the Defendant is a young white Caucasian. That particular juror is female, African–American. I conclude that's race neutral." This appeal followed.

---

2. Flynn was 18 at the time of trial and is a white male.

## LAW/ANALYSIS

On appeal, Flynn argues that the trial court erred in not finding the State violated *Batson* in regard to its treatment of Juror 21. We disagree.

"The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venire person on the basis of race or gender." *State v. Shuler*, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001). The purposes of *Batson* are to " 'protect the defendant's right to a fair trial by a jury of the defendant's peers, protect each venire person's right not to be excluded from jury service for discriminatory reasons, and preserve confidence in the fairness of our system of justice by seeking to eradicate discrimination in the jury selection process.' " *State v. Rayfield*, 357 S.C. 497, 501, 593 S.E.2d 486, 488 (Ct.App.2004) (quoting *State v. Haigler*, 334 S.C. 623, 628–29, 515 S.E.2d 88, 90 (1999)).

Our supreme court established the procedure for a *Batson* hearing in *State v. Adams*, 322 S.C. 114, 123–24, 470 S.E.2d 366, 371–72 (1996). Once a party requests a hearing, the burden shifts to the proponent of the strike who must present a racially neutral reason or explanation. *Id.* At this point, the burden shifts back to the party challenging the strike to show the explanation is merely pretextual. *Id.* This is generally accomplished by showing that similarly situated people of another race were placed on the jury. *Id.* It is important to note that the "proponent of the peremptory challenges will not have any burden of presenting reasonably specific, legitimate explanations for the strikes. Instead, [he or she] need only present racially neutral explanations." *Id.*

In the current case, Flynn argues the State "advanced a racial stereotype" to justify striking Juror 21. We disagree. As noted previously, the State asserted that due to her employment, it believed Juror 21 was "liberal." As Flynn has offered no evidence other than a conclusory assertion of racial motivation, we find the trial court did not err in failing to find a *Batson* violation.

## AFFIRMED.[3]

---

3. We decide this case without oral argument pursuant to Rule 215, SCACR.

STILWELL and KITTREDGE, JJ., concur.