THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Samuel Simmons, Appellant.
 
 
 

Appeal From Horry County
 Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2007-UP-024
Submitted January 1, 2007  Filed January 17, 2007

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry D. McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor J. Gregory Hembree, of Conway; for Respondent.
 
 
 

PER CURIAM:  Appellant, Samuel Simmons, was indicted for and convicted of armed robbery, assault and battery with intent to kill, grand larceny and criminal conspiracy.  Simmons appeals, asserting the trial court erred in overruling his Batson[1] motion.  We affirm.[2]
FACTUAL/PROCEDURAL BACKGROUND
During jury selection, the State exercised five peremptory challenges.  Simmons made a Batson motion, challenging the striking of three of those jurors:  numbers 92, 36, and 55.  The trial court explained to defense counsel following his request for a hearing on the matter that the solicitor was required to present a race or gender neutral explanation for each strike and, if the court found the explanation to be race or gender neutral, it would then look to defense counsel for an explanation as to why it was a racially based strike that was mere pretense.  
The solicitor explained juror number 92 and juror number 36 both had criminal convictions.  As to number 55, he stated as follows:

 Juror number 55 was the one that stood up there for a good while I looked over at Ms. Canteen to try to get a signal which I apparently misinterpreted as a strike.  She tells me that she was giving me an okay which is not a thumbs up or an okay.  But a different signal I interpreted to be a strike.  So I struck him because I thought that Ms. Canteen in my office was saying that he would not make a good juror.
 I do not have any other reason because obviously she didnt have a reason.  I only have her as my reason.

In response, defense counsel stated he would like to put on the record that, in regard to those three jurors, the solicitor looked over at Ms. Canteen, a member of the solicitors office, as well as at law enforcement officer Lieutenant Grayson.  He also requested, and was provided, corroboration of the convictions of jurors 92 and 36.  
The trial court found the criminal charges were race neutral explanations.  When the court asked counsel if he had any further argument, he replied, No, sir, Your Honor.  And to clarify number 55 is the one that the solicitor said that he took the wrong hand signal I believe.  The trial judge confirmed this statement, and counsel stated he had no further objections to the jury.  The trial court then put the following on the record:

 Based upon that . . . I do not find that the explanation though there was a mistake or an error by the solicitors office in number 55, that it is not an error that was grounded in the jurors race.  I do find that it was merely a common error or mistake by the solicitors office.  Its certain[ly] not a mere [pretextual] argument or reason and certainly do not find that for the other two.  Therefore your Batson motion is denied.  You have any other arguments?

Counsel responded that he had no other argument on the matter, and the trial went forward.  
LAW/ANALYSIS
On appeal, Simmons asserts the trial court erroneously denied his Batson motion as to the juror struck based on the misinterpreted hand signal.  He argues the State, as the proponent of the strike, was required to offer a facially race-neutral explanation for the strike and failed to do so in this instance because the State may not meet its burden by merely asserting a third person made the decision to strike and communicated this decision to the solicitor.
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venire person on the basis of race or gender.  State v. Shuler, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001).  The purposes of Batson and its progeny are to protect the defendants right to a fair trial by a jury of the defendants peers, protect each venirepersons right not to be excluded from jury service for discriminatory reasons, and preserve public confidence in the fairness of our system of justice by seeking to eradicate discrimination in the jury selection process.    State v. Rayfield, 369 S.C. 106, ___, 631 S.E.2d 244, 247 (2006) (quoting State v. Haigler, 334 S.C. 623, 628-29, 515 S.E.2d 88, 90 (1999)).  Both the State and defendants are prohibited from discriminatorily exercising a peremptory challenge of a prospective juror.  Id.   When a party strikes a member of a cognizable racial group or gender and an opposing party requests a Batson hearing, the trial court must hold one.  Shuler, 344 S.C. at 615, 545 S.E.2d at 810.
In State v. Adams, 322 S.C. 114, 470 S.E.2d 366 (1996) (citing Purkett v. Elem, 514 U.S. 765 (1995)), our supreme court set forth the proper procedure for a Batson hearing.

 After a party objects to a jury strike, the proponent of the strike must offer a facially race-neutral explanation.    This explanation is not required to be persuasive or even plausible.  Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated members of another race were seated on the jury or the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment.

Rayfield, 369 S.C. at ___, 631 S.E.2d at 247 (citing Adams, 322 S.C. at 123-24, 470 S.E.2d at 371-72; State v. Haigler, 334 S.C. 623, 629-30, 515 S.E.2d 88, 90-91 (1999)).  It is important to note that the proponent of the peremptory challenges will not have any burden of presenting reasonably specific, legitimate explanations for the strikes.  Instead, [he or she] need only present racially neutral explanations.  State v. Flynn, 368 S.C. 83, 86, 627 S.E.2d 763, 765 (Ct. App. 2006) (quoting Adams, 322 S.C. at 123-24, 470 S.E.2d at 371).  Additionally, the burden of persuading the trial court that a Batson violation has occurred remains at all times on the opponent of the strike.  State v. Haigler, 334 S.C. 623, 629, 515 S.E.2d 88, 91(1999).
 In deciding whether the opponent of a strike has carried the burden of persuasion, a court must undertake a sensitive inquiry into the circumstantial and direct evidence of intent.  Id.   The trial judges findings of purposeful discrimination rest largely on his evaluation of demeanor and credibility.  Shuler, 344 S.C. at 615, 545 S.E.2d at 810.  Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and evaluation of the prosecutors mind lies peculiarly within a trial judges province.  Id. at 615-16, 545 S.E.2d at 810 (citing Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)).   The trial courts findings in regard to whether there was purposeful discrimination are accorded great deference and such a determination will be set aside on appeal only if clearly erroneous. Haigler, 334 S.C. at 630, 515 S.E.2d at 91.
Simmons, relying on the case of State v. Marble, 311 S.C. 23, 426 S.E.2d 744 (1992), argues the State, as the proponent of the strike, failed to offer a facially race-neutral explanation for the strike, because the State may not meet such a burden by asserting a third party made the decision to strike and then communicated that decision to the solicitor.  In Marble, our supreme court, relying on its recent decision in State v. Adams, 307 S.C. 368, 415 S.E.2d 402 (1992), held the State may not meet its burden under Batson by merely asserting that a third person made the decision to strike and communicated this decision to the Solicitor.  Both Marble and Adams, however, were interpreted under the previous case law that required the State to give a clear and reasonably specific explanation for its strike in the second step of the Batson procedure.  Marble, 311 S.C. at 24, 426 S.E.2d at 745;  Adams, 307 S.C. at 370, 415 S.E.2d at 403.  As previously noted, our law now mandates that the proponent of the strike no longer has any burden of presenting reasonably specific, legitimate explanations for the strikes, but need only present racially neutral explanations.  State v. Flynn, 368 S.C. 83, 86, 627 S.E.2d 763, 765 (Ct. App. 2006).  Further, both Marble and Adams noted the clear and reasonably specific explanation offered by the third person must be provided because, without this requirement, there would be no assurance that the third person did not make the decision based on the jurors race.  Marble, 311 S.C. at 24, 426 S.E.2d at 745; Adams, 307 S.C. at 370, 415 S.E.2d at 403.  Here, the explanation offered was not that the solicitor relied on the unexplained and unchallengeable reason of a third party, but that he mistakenly interpreted the signal of an employee in his office who was assisting him in jury selection.  Because the third person in this case had, in fact, indicated that the solicitor should not strike the juror, there is assurance that the decision was not made by the third person based on the jurors race.  In other words, there could be no purposeful discrimination based on the jurors race by the third person, as she indicated that this juror should be selected by the solicitor, not struck.       
In the case at hand, the solicitor offered as a race-neutral explanation for striking juror number 55 that he had misinterpreted a signal from an employee in his office, representing that the strike of this juror was an inadvertent mistake.  The trial court accepted the explanation that it was merely an error on the part of the solicitor.  Mindful that the demeanor of the challenged attorney is often the best and only evidence of discrimination,  that the evaluation of that attorneys mind lies peculiarly within a trial judges province, and that the trial courts findings in regard to whether there was purposeful discrimination are accorded such great deference, we hold the trial courts determination that the strike was race-neutral was not clearly erroneous.  See State v. Casey, 325 S.C. 447, 481 S.E.2d 169 (Ct. App. 1997) (wherein this court held, although the solicitor did not challenge a female venire member with prior jury service yet struck the male juror with prior service, and thus the reason for striking the juror was applied inconsistently, the States explanation that it was merely an omission and mistake on its part was gender-neutral).  Once the State provided a race-neutral reason, it was incumbent upon Simmons, as the opponent of the strike, to show the explanation was mere pretext. Simmons offered no evidence of pretext, and clearly failed to meet his burden.
For the foregoing reasons, Simmons convictions are               
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1] Batson v. Kentucky, 476 U.S. 79 (1986). 
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.