THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jimmy Wayne
 Estes, Appellant.
 
 
 
 

Appeal From Lancaster County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2008-UP-707
 Submitted December 1, 2008  Filed
December 16, 2008    

AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals
 Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.
 
 
 

PER CURIAM:  Jimmy Wayne Estes appeals his
 assault and battery of a high and aggravated nature conviction, arguing the
 trial court erred in denying his Batson[1] motion.  We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Shuler, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001)
 (holding in an appeal from the granting or denial of a Batson motion,
 the appellate court gives deference to the findings of the trial court and
 applies a clearly erroneous standard); State v. Haigler, 334 S.C.
 623, 629, 515 S.E.2d 88, 91 (1999) (stating the burden of persuading the court
 a Batson violation has occurred remains at all times on the party
 opposing the strike); State v. Adams, 322 S.C. 114, 123-124, 470
 S.E.2d 366, 371-72 (1996) (setting forth the proper procedure for a Batson hearing as follows: once the proponent states a race-neutral explanation, the
 party challenging the strike must show the explanation is mere pretext, either
 by showing similarly situated members of another race were seated on the jury
 or that the reason given for the strike is so fundamentally implausible as to constitute mere pretext).
AFFIRMED.  
ANDERSON , HUFF, and THOMAS, JJ., concur. 

[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[2] We decide this
 case without oral argument pursuant to Rule 215, SCACR.