THIS OPINION
HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 

THE STATE OF SOUTH CAROLINA

In The Court of Appeals

 

 

 
 
 The State,
 
 
 Respondent,
 
 

 

v.

 
 
 James Albert
 Giles,
 
 
 Appellant.
 
 

 

 

__________

 

Appeal From Union County

 John C. Hayes, III, Circuit Court Judge

 

__________

 

Unpublished Opinion No. 2010-UP-154

Submitted February 1, 2010  Filed
February 23, 2010

__________

 

AFFIRMED

__________

 

Appellate Defender LaNelle C. DuRant, of
Columbia, for Appellant.

 

Attorney General Henry Dargan McMaster, Chief
Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr.,
all of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

 

PER CURIAM:  James Albert Giles appeals his
convictions and sentences for first-degree burglary, strong-armed robbery, and
kidnapping, arguing the trial court erred in quashing the first jury and
denying his mid-trial request for a continuance.  We affirm[1] pursuant to
Rule 220(b), SCACR, and the following authorities:  

 

1.  As to whether
the trial court erred in quashing the first jury:  State v. Edwards, 384
S.C. 504, 509, 682 S.E.2d 820, 822 (2009) (requiring appellate courts to give
"great deference on appeal" to trial court's findings and to apply a
clearly erroneous standard in reviewing hearings pursuant to Batson v.
Kentucky, 476 U.S. 79, 86-87 (1986); and finding "[u]nder some
circumstances, the explanation given by the proponent may be so fundamentally
implausible the trial judge may determine the explanation was mere pretext"
without further inquiry); State v. Haigler, 334 S.C. 623, 629, 515
S.E.2d 88, 90-91 (1999) (listing three steps for trial court's conduct of
inquiry pursuant to Batson); State v. Cochran, 369 S.C. 308, 314,
330-33, 631 S.E.2d 294, 298, 306-08 (Ct. App. 2006) (finding the trial court's Batson
analysis only proceeds to step three if the requirement of step two is met, and
listing examples of neutral and non-neutral explanations for jury strikes).  

 

2.  As to whether
the trial court erred in denying Giles's motion for a continuance:  State v.
Morris, 376 S.C. 189, 208-09, 656 S.E.2d 359, 369-70 (2008) ("The
trial court's denial of a motion for a continuance will not be disturbed on
appeal absent a clear abuse of discretion" and a showing the denial resulted
in prejudice.); State v. Bryant, 372 S.C. 305, 314-15, 642 S.E.2d 582,
587-88 (2007) (holding an accused seeking continuance of trial based on failure
to receive disclosures from the State must demonstrate the withheld evidence
was material to his defense, guilt, or punishment).  

 

AFFIRMED.  

 

PIEPER,
GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.