**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Bobby Alexander Gilbert, Appellant.

Appellate Case No. 2009-129310

Appeal From Darlington County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2013-UP-283
Heard June 11, 2013 – Filed June 26, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Anthony Mabry, all of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:**  Bobby Alexander Gilbert appeals his convictions for murder, armed robbery, and grand larceny, arguing the trial court erred in granting the State's motion to restrike the jury based on Gilbert's alleged discriminatory use of peremptory juror strikes.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Haigler*, 334 S.C. 623, 630, 515 S.E.2d 88, 91 (1999) ("The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous.");  *Payton v. Kearse*, 329 S.C. 51, 59-60, 495 S.E.2d 205, 210 (1998) (noting once a party gives a discriminatory reason for using a jury strike, the strike must be disallowed because "any consideration of discriminatory factors . . . is in direct contravention of the purpose of [*Batson v. Kentucky*, 476 U.S. 79 (1986)] which is to ensure peremptory strikes are executed in a nondiscriminatory manner"); *State v. Shuler*, 344 S.C. 604, 616, 545 S.E.2d 805, 810-11 (2001) ("[A] strike must be examined in light of the circumstances under which it is exercised, including an examination of the explanations offered for other strikes.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**