**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Melvin Haynes, Appellant.

Appellate Case No. 2013-000438

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-453
Submitted October 1, 2014 – Filed December 10, 2014

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Melvin Haynes appeals his conviction for assault and battery with intent to kill, arguing the trial court erred in (1) refusing to quash the jury

panel pursuant to his *Batson* motion, (2) determining he was not immune from prosecution under the Protection of Persons and Property Act[1] ("the Act"), and (3) refusing to charge the jury on the law of accident and mistake of fact. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to quash the jury panel pursuant to Haynes's *Batson* motion: *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (holding the Equal Protection Clause of the Fourteenth Amendment prohibits the striking of potential jurors on racial grounds); *State v. Haigler*, 334 S.C. 623, 629, 515 S.E.2d 88, 90-91 (1999) (providing the procedure the trial court must follow when a party makes a *Batson* motion); *id.* at 629, 515 S.E.2d at 91 ("Pretext generally will be established by showing that similarly situated members of another race were seated on the jury."); *State v. Scott*, 406 S.C. 108, 115, 749 S.E.2d 160, 164 (Ct. App. 2013) (holding potential jurors do not need identical characteristics in order to be similarly situated, but they must be "alike in all relevant respects" (internal quotation marks omitted)); *id.* ("[I]n determining whether potential jurors are similarly situated, [South Carolina] courts have focused their inquiry on whether there are meaningful distinctions between the individuals compared."); *id.* at 115-16, 749 S.E.2d at 164-65 (holding employment distinctions may be sufficient to determine two prospective jurors are not similarly situated); *State v. Cochran*, 369 S.C. 308, 312, 631 S.E.2d 294, 297 (Ct. App. 2006) (holding where the trial court followed the proper *Batson* procedure, an appellate court will give deference to the trial court and reverse only if the trial court's decision was clearly erroneous).

2. As to whether the trial court erred in determining Haynes was not immune from prosecution under the Act: S.C. Code Ann. § 16-11-450(A) (Supp. 2013) (providing that "[a] person who uses deadly force as permitted by the provisions of this article . . . is justified in using deadly force and is immune from criminal prosecution"); *State v. Curry*, 406 S.C. 364, 371, 752 S.E.2d 263, 266 (2013) (holding for a defendant to be justified in using deadly force under the Act, "a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity[,] . . . includ[ing] all elements of self-defense, save the duty to retreat"); *id.* at 370, 752 S.E.2d at 266 (providing an appellate court will not reverse the trial court's determination on the issue of immunity under the Act absent a finding the trial court abused its discretion).

---

[1] S.C. Code Ann. § 16-11-410 to -450 (Supp. 2013).

3.  As to whether the trial court erred in refusing to charge the jury on the law of accident and mistake of fact:  *State v. Harris*, 382 S.C. 107, 116, 674 S.E.2d 532, 537 (Ct. App. 2009) ("[T]he defense of accident requires showing the harm caused was unintentional, the defendant was acting lawfully at the time of the incident, and due care was exercised in handling the weapon."); *State v. Williams*, 400 S.C. 308, 316, 733 S.E.2d 605, 610 (Ct. App. 2012) ("If the circumstances of a case show a defendant was entitled to arm himself in self-defense when the gun went off, he would be entitled to a charge of accident supposing evidence satisfies the other elements of the doctrine."); *State v. Wilds*, 355 S.C. 269, 275, 584 S.E.2d 138, 141 (Ct. App. 2003) (providing assault and battery with intent to kill is a general intent crime that requires a general intent to kill); *State v. Kelsey*, 331 S.C. 50, 77, 502 S.E.2d 63, 77 (1998) ("A mistake of fact which negates the existence of the mental element of the offense[] will preclude conviction."); *id.* at 78, 502 S.E.2d at 77 (holding a mistake of fact must be reasonable in a general intent crime); *id.* (holding a trial court is required to give a jury instruction on mistake of fact only where the defendant introduces some direct or circumstantial evidence of a reasonable basis for having made the mistake); *Williams*, 400 S.C. at 314, 733 S.E.2d at 608-09 ("When reviewing the circuit court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *id.* at 478-79, 697 S.E.2d at 583-84 (holding when reviewing a jury charge for error, an appellate court must consider the jury charge as a whole in light of the evidence and issues presented at trial, and it will reverse the trial court's decision regarding a jury charge only if the trial court abused its discretion).

**AFFIRMED.**[2]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.