**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tykeem Kalani May, Appellant.

Appellate Case No. 2014-001827

_____

Appeal from Orangeburg County
Deadra L. Jefferson, Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-138
Submitted January 1, 2017 – Filed April 5, 2017

_____

**AFFIRMED**

_____

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

_____

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) ("[T]he State's privilege to strike individual jurors through peremptory challenges . . . is subject to the

commands of the Equal Protection Clause."); *State v. Cochran*, 369 S.C. 308, 312, 631 S.E.2d 294, 297 (Ct. App. 2006) ("In the typical appeal from the granting or denial of a *Batson* motion, the appellate courts give deference to the findings of the trial court and apply a clearly erroneous standard."); *State v. Kelley*, 319 S.C. 173, 176, 460 S.E.2d 368, 370 (1995) ("In a *Batson* hearing, the [State] must present a racially neutral explanation for the challenges." (footnote omitted)); *Purkett v. Elem*, 514 U.S. 765, 768 (1995) ("Unless a discriminatory intent is inherent in the [State]'s explanation, the reason offered will be deemed race neutral." (quoting *Hernandez v. New York*, 500 U.S. 352, 360 (1991) (plurality opinion))); *Cochran*, 369 S.C. at 318, 631 S.E.2d at 300 ("The employment status of a prospective juror is a race-neutral reason for using a peremptory challenge."); *Kelley*, 319 S.C. at 176, 460 S.E.2d at 370 ("The defendant has the burden to prove the [State]'s allegedly neutral reasons are pretext."); *Cochran*, 369 S.C. at 315, 631 S.E.2d at 298 ("This burden is generally established by showing similarly situated members of another race were seated on the jury."); *State v. Haigler*, 334 S.C. 623, 629, 515 S.E.2d 88, 91 (1999) ("Whether a party's proffered reason for exercising a peremptory strike is discriminatory must be determined by examining the totality of the facts and circumstances in the record."); *id.* at 630, 515 S.E.2d at 91 ("The composition of the jury panel is a factor that may be considered when determining whether a party engaged in purposeful discrimination."); *Kelley*, 319 S.C. at 177, 460 S.E.2d at 370 (finding the State provided a racially neutral explanation for why it did not strike a juror with similar characteristics to one previously stricken).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.